JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I.(a) PLAINTIFFS

Clarissa F. Toves
Christine D. Guzman
Brenda L. Hernandez

## DEFENDANTS

Raytheon Techical Services Guam, Inc.; Sodexo Marriott Services, Inc; Nana Services, LLC; Marie Krauss; Joseph Majka; and Does I through XX

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF GUAM USA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Sandra D. Lynch
251 Martyr Street, Ste. 101 C&A Bldg.
Hagatna, GU 96910    (671) 472-6848

ATTORNEYS (IF KNOWN)

**03-00018**

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Title VII of the Civil Rights Act of 1964 [42 USC§2000-e et seq]
Employment discrimination in employment based on race, color and national origin, back pay and costs

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $2,400,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) (See Instructions): IF ANY

JUDGE

DOCKET NUMBER

DATE
June 6, 2003

SIGNATURE OF ATTORNEY OF RECORD

*RECEIVED*
*JUN - 9 2003*
*DISTRICT COURT OF GUAM*
*HAGATNA, GUAM*

FOR OFFICE USE ONLY

RECEIPT #_____ AMOUNT_____ APPLYING IFP_____ JUDGE_____ MAG. JUDGE_____

**SANDRA D. LYNCH, ESQ.**
Suite 101 - C & A Building
251 Martyr Street
Agana, Guam 96910
Telephone: (671)472-6848
Facsimile: (671) 477-5790

*Attorneys for Plaintiffs Clarissa Toves, Christine Guzman,*
*and Brenda Hernandez*



FILED
DISTRICT COURT OF GUAM
JUN - 9 2003
MARY L. M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF GUAM

| | |
|---|---|
| **CLARISSA F. TOVES,** | CIVIL CASE NO. **03-00018** |
| **CHRISTINE D. GUZMAN,** | |
| **and** | |
| **BRENDA L. HERNANDEZ,** | |
| Plaintiffs, | **COMPLAINT AND JURY DEMAND** |
| | **[Title VII; the Civil Rights Act of 1964]** |
| **RAYTHEON TECHNICAL SERVICES,** | |
| **GUAM, INC., SODEXO MARRIOTT** | |
| **SERVICES, INC., NANA SERVICES,** | |
| **LLC, MARIE KRAUSS,** | |
| **JOSEPH MAJKA, and** | |
| Does I through XX, | |
| Defendants. | |

COME NOW PLAINTIFFS, by and through counsel, and herein allege as follows:

### JURISDICTION

1.    This Court has jurisdiction over this matter pursuant to 28 USC 1331 and  42 USC

1981a,  and 2000, et seq.

ORIGINAL

## PARTIES

2.    Plaintiffs are citizens of the United States who reside in the territory of Guam, and are Pacific Islanders, from the area of the territory of Guam, the Commonwealth of the Northern Mariana islands, and from the Federated States of Micronesia. Plaintiffs are employed by Defendant Raytheon at Defendant's facilities named Top 'O the Mar [formerly the Naval Officers Club, Marianas Guam], and other clubs provided for military members on U.S. Navy installations in Guam;

3.    The conditions precedent to jurisdiction under 43 USC § 2000e-5(f)(3) have been met, to wit, charges of employment discrimination were filed with the Equal Opportunity Employment Commission (EEOC) within 180 days of the unfair employment practice and a Notification of Right to Sue was issued from the EEOC on March 14, 2003 which is less than 90 days prior to the filing of this Complaint;

4.    Upon information and belief, Defendant Raytheon Technical Services Guam is the contractor hired to provide operational support services to military members, dependents, retirees, and reservists on Guam through programs which enhance morale, recreation, and welfare of those members.

5.    Upon information and belief, Defendant Raytheon Technical Services Guam contracted with the United States through the Commander Naval Forces Marianas, Guam to provide the services indicated in paragraph 4 above.

6.    Upon information and belief, Defendants Sodexo Marriott Services, Inc. and Nana Services, LLC are the sub-contractor management companies in charge of the Defendant

*Clarissa F. Toves, et al. vs. Raytheon Technical Services Guam, Inc., et al.*
*Civil Case No. _____*
*Complaint and Jury Demand*

2

Raytheon's facilities on Guam, which include the Admiral Nimitz Golf Club, Rumors Club, and Top 'O the Mar Club.

7.     Upon information and belief, Defendants Sodexo and Raytheon are incorporated with licenses to conduct business in Guam.

8.     Upon information and belief, Defendant Marie Krauss is the controller and acting manager of the Top 'O the Mar club, employed by Sodexo and in that capacity oversees financial operations at Top 'O the Mar, and at all times relevant was an agent of and for Defendant Sodexo but reported to Defendant Raytheon.

9.     Upon information and belief, Defendant Joseph Majka is the General Manager Food and Retail Operations for Defendant Raytheon Technical Services Guam, and was at all times relevant an agent of and for Defendant Raytheon and in charge of overseeing and administering Defendants Sodexo and Nana Services personnel and services;

10.     Does I through XX are other employees, managers, supervisors, or insurers of the above named Defendants. Upon discovery of their complete identities and positions, Plaintiffs will move to amend their complaint to be more specific.

## ALLEGATIONS

## DISCRIMINATION BASED ON RACE, COLOR, NATIONAL ORIGIN

11.     Plaintiffs, by accepting their respective offers of full time employment from Defendants, created a reasonable expectation that their positions constituted a property interest and a liberty interest protected by due process of law.

12.     Upon information and belief, Defendants follow an intentional practice of

*Clarissa F. Toves, et al. vs. Raytheon Technical Services Guam, Inc., et al.*
*Civil Case No. _____*
*Complaint and Jury Demand*

3

discrimination in employment against Pacific Islanders, particularly Chamorros or those born or raised on Guam, in the Commonwealth of the Northern Marianas Islands, or in the Federated States of Micronesia, on account of their race.

13.     Upon information and belief, Defendants follow an intentional practice of discrimination in employment against Pacific Islanders, particularly Chamorros or those born or raised on Guam, in the Commonwealth of the Northern Marianas Islands, or in the Federated States of Micronesia, on account of their national origin.

14.     Upon information and belief, Defendants follow an intentional practice of discrimination in employment against Pacific Islanders, particularly Chamorros or those born or raised on Guam, in the Commonwealth of the Northern Marianas Islands, or in the Federated States of Micronesia, on account of their color.

15.     Defendants conduct as described herein is in violation of Title VII of the Civil Rights Act of 1964 [42 USC §2000-e et seq.], constitutional and common law protections.

16.     Under such policies and practices of discrimination, defendants, individually and through their agents, repeatedly harassed Plaintiffs because Plaintiffs attempted to obtain equal employment opportunity for themselves and others similarly situated.

17.     Defendants and each of them discriminated against and harassed Plaintiff Clarissa Toves because she attempted to challenge the discriminatory practices in her employment.

18.     Defendants and each of them discriminated against and harassed Plaintiffs Guzman, and Hernandez because they attempted to challenge the discriminatory practices in their employment and to support Plaintiff Toves in her similar attempts.

*Clarissa F. Toves, et al. vs. Raytheon Technical Services Guam, Inc., et al.*
*Civil Case No. _____*
*Complaint and Jury Demand*

4

19.    Defendants have retaliated against Plaintiffs Guzman, and Hernandez by reducing their standard work schedule from 32 hours to as little as 12 hours per week;

20.    Defendants have retaliated against Plaintiff Toves by forcing her to resign, thereby constructively terminating her employment, causing her to suffer an adverse employment action, which was racially and discriminatorily motivated;

21.    Defendants have denied due process to Plaintiff Toves in the adverse employment actions by Defendants, thereby depriving her of civil rights under law;

22.    Defendants have unlawfully discriminated against Plaintiffs in their employment by continuously refusing and failing to provide them the opportunity to work up to 32 hours per week as a result of their national origin, color, and race.

23.    Defendants failed and refused to provide to the Plaintiffs adequate training for the positions they held, but trained persons not of their national origin, color and race.

24.    Defendants failed to allow the Plaintiffs to assume the job responsibilities assigned to them, but permitted persons not of their national origin, color and race to assume such assigned responsibilities.

25.    Defendants accused Plaintiffs of failing to satisfactorily perform according to company standards and procedures, and Defendants called Plaintiffs names such as "dumb" and "uneducated" despite that Defendants did not adequately train Plaintiffs in those standards and procedures, while ignoring unsatisfactory performance in non-Pacific islanders. This practice constitutes impermissible employment decisions based on stereotypes and assumptions about abilities, traits, or performance of Pacific Islanders.

*Clarissa F. Toves, et al. vs. Raytheon Technical Services Guam, Inc., et al.*
*Civil Case No. _____*
*Complaint and Jury Demand*

5

Case 1:03-cv-00018    Document 1-2    Filed 06/09/2003    Page 5 of 22

26.     Defendants falsely and without any basis in truth or in fact made ethnic slurs, racial jokes, and offensive and derogatory comments about Pacific Islanders, such as Chamorros, and therein accused Plaintiffs of being incompetent and lacking specific job skills for their respective positions, when in fact Plaintiffs have acquired sufficient job skills to perform their positions, but made no such false accusations against similarly situated non-Pacific islanders. These statements constituted unlawful harassment, and created an intimidating, hostile, and offensive work environment, and interfered with each Plaintiff's work performance.

27.     Despite that Plaintiffs have made numerous complaints to Defendants by and through their agents, both in writing and orally, Defendants have failed and refused to make good faith efforts to enforce anti-discrimination policies and practices on behalf of non-Pacific islanders.

28.     Defendants, though put on notice by Plaintiffs through their complaints, failed and refused to strictly enforce their own anti-discrimination policies and procedures, to document thorough investigations of complaints, to effectively police the policies, to protect Plaintiffs from the continuous discrimination and harassment to which they were and are subjected in the workplace, and to take remedial action against the offenders.

29.     Defendant Krauss consistently belittled and harassed Plaintiffs publicly, in the presence of other supervisors, patrons and employees in a manner which accused them of being incompetent, but undertook no such actions against non-Pacific islanders.

30.     Defendant Krauss consistently and constantly made public assumptions and decisions regarding the duties of Plaintiffs based on stereotyping regarding the abilities, traits, or performance of Pacific Islanders, Guamanians, or those of Chamorro descent, born or raised in

*Clarissa F. Toves, et al. vs. Raytheon Technical Services Guam, Inc., et al.*
*Civil Case No. _____*
*Complaint and Jury Demand*

6

the territory of Guam, the CNMI, or the FSM, thereby discriminating against Plaintiffs and treating the Plaintiffs differently than non-Pacific islanders.

31.     Plaintiffs have consistently provided highly acceptable and satisfactory work since their employment.

32.     Defendants retaliated against Plaintiff Clarissa Toves by placing her on three days suspension from February 21 through February 25 [three working days] pending an investigation of the matter after she personally told Defendant Krauss to stop the harassment, although Krauss was not suspended or relieved of duty for her harassment of Plaintiff Toves.

33.     Defendants failed and refused to thoroughly investigate the incident which resulted in Plaintiff Toves' suspension and instead relied on false accusations made by Defendant Krauss who continued to harass Plaintiff Toves and discriminate against her.

34.     Defendants retaliated against Plaintiff Clarissa Toves by giving her a Written Warning for allegedly becoming "angry, abusive in front of the staff and customers – unprofessional conduct;" leaving her job without permission for 15 minutes," and "demonstrating insubordination to the Bingo Manager [Defendant Krauss] though words and actions that were negative to the [manager] individual," despite that Krauss harassed Plaintiff Toves.

35.     Plaintiff Toves, as a Chamorro employee, was treated in a disparate manner and subjected to Defendants' unfair policies and practices in that plaintiff was treated unequally and unlike white and Filipino employees similarly situated with the Defendants.

36.     Said unfair policies and practices both limited Plaintiff Toves in her job classification, job assignments, wages, and other benefits because of Plaintiff's race, and further

*Clarissa F. Toves, et al. vs. Raytheon Technical Services Guam, Inc., et al.*
*Civil Case No. _____*
*Complaint and Jury Demand*

7

resulted in her suspension and loss of wages on February 21 through February 25, 2001.

37.     As a further result of the disparate treatment to which Plaintiff Toves was subjected by Defendants, she was defamed in the performance of her duties with other employees of similar classification and banned from taking assignments at Defendants' other facilities where other employees were assigned, causing further loss of wages, damage to her reputation, mental distress, and other injuries.

38.     As further result of retaliation, harassment, discrimination, and disparate treatment Plaintiff Toves was forced to submit statements in response to accusations made by Defendants and their agents when other employees were not so required, and was required to submit doctor's statements for one day's absence when other employees were not required to do so;

39.     As further retaliation for Toves' complaints of disparate and discriminating treatment, Plaintiff Toves was denied a position which would have been a promotion in her field, and the job given to an employee who never applied and who did not have the requisite experience or background for said position;

40.     Defendants have discriminated against Plaintiffs and harassed and retaliated against them by denying them the ability to use their native language and by requiring them to speak only English, despite that Filipino employees are permitted to speak Tagalog in the workplace despite complaints by Plaintiffs of the disparate treatment. The English-only rule as applied to Plaintiffs was not necessary for conducting business, as it occurred during times when no customers were present, and therefore was discriminatory in its application to Plaintiffs.

41.     As a further result of defendants' above stated actions, Plaintiff Toves is being and

*Clarissa F. Toves, et al. vs. Raytheon Technical Services Guam, Inc., et al.*
*Civil Case No. _____*
*Complaint and Jury Demand*

8

will be deprived of income in the form of wages and prospective retirement benefits, social security and other benefits, promotion opportunities, and job assignments due to her as an employee, but denied because of her race, color, and national origin, in amounts to be proven at trial.

42.     Plaintiff Toves is and will continue to suffer irreparable injury from Defendants policies, practices, customs and usages as set forth herein.

43.     As a result of the harassment and discrimination to which Plaintiffs have been subjected in their employment, Defendants have created an intimidating, hostile, and offensive work environment, which unreasonably interferes with and negatively affects the Plaintiffs' and each of their employment opportunities.

44.     As a direct and proximate result of this systematic and repeated harassment and discrimination, Plaintiffs have endured great mental suffering and have lost income and other employment benefits to which they were entitled.

## SEXUAL DISCRIMINATION AND HARASSMENT

45.     From the beginning of their employment, and particularly beginning October 2000 and continuing at least through April, 2001, Plaintiffs were subjected to sexually harassing remarks and innuendoes, including demands for sexual favors by male employees in Defendants' employ.

46.     As to Plaintiff Hernandez, a male purchaser for Top O' Mar club, while acting as an agent and employee of Defendants Raytheon and/or Sodexo, Lawrence Whitfield, physically assaulted her by pinching her on her buttocks, groping her sexually. Damian Donaldson, a Chef at

*Clarissa F. Toves, et al. vs. Raytheon Technical Services Guam, Inc., et al.*
*Civil Case No. _____*
*Complaint and Jury Demand*

9

Case 1:03-cv-00018   Document 1-2   Filed 06/09/2003   Page 9 of 22

Top O' Mar, acting within his capacity as employee and agent of Defendant Raytheon and/or Sodexo, a male, made sexually explicit statements, vulgar references to her anatomy and her person, when she walked by or was standing at her work station. Plaintiff Hernandez complained to Defendants through the Human Resources officer, Sharyl Hofer, but no action was taken and the sexual harassment and assaults continued for several months;

47. As to Plaintiffs Toves and Guzman, Whitfield made vulgar remarks, sexual references, sexual innuendoes, and physically harassed each of them by grabbing them, touching them, and making sexually explicit remarks. Donaldson made lewd and vulgar sexual statements to Plaintiffs. Plaintiff Toves requested that Whitfield, an African American, not be scheduled to work with her, Guzman, or Hernandez, but he continued to be scheduled with them at night. Despite that Plaintiffs reported such conduct to their supervisors and to Defendants and their agents and employees, the harassment continued for several months.

48. Plaintiffs either attempt to ignore or provide generally negative reactions to the constant sexually harassing remarks and innuendoes and requests for sexual favors, and as a result were and are treated as untrained, uneducated, inexperienced members of society, and were and are threatened with verbal and written reprimands or termination by Defendants, individually and through their agents.

49. In the remarks and actions taken as described above, Defendants, individually and through their agents, acted within the scope of their employment. Such actions occurred under the supervisory control of Defendants Majka, Krauss, and others.

50. Plaintiffs claims of gender-based discrimination arise from the above allegations of

*Clarissa F. Toves, et al. vs. Raytheon Technical Services Guam, Inc., et al.*
*Civil Case No.* _____
*Complaint and Jury Demand*

10

Case 1:03-cv-00018   Document 1-2   Filed 06/09/2003   Page 10 of 22

sexually harassing remarks, physical contact, innuendoes and actions and subjected the Plaintiffs to a hostile working environment and conditions of employment.

51. Defendants sexually discriminatory conduct created a work environment extremely detrimental to Plaintiffs' emotional and physical health, interfered with Plaintiffs' work performance, and caused each of them emotional distress, particularly Plaintiff Hernandez, who suffers panic or anxiety attacks.

52. Defendants' supervisory personnel's presence during random sexual discriminatory conduct and those supervisors' failure to investigate, take corrective action, or demand that such conduct cease, refusal to follow company anti-discrimination policies, effectively ratified, sanctioned, and condoned the discriminatory conduct and served to conceal the conduct from proper redress.

53. These actions and omissions constitute discriminatory treatment and retaliation against Plaintiffs for both the nature of Plaintiffs' claims and for the act of pursuing action to stop such conduct and action.

## VIOLATIONS OF THE EQUAL PAY ACT

54. Plaintiffs have satisfactorily performed their duties as assigned during the entirety of their employment with Defendants.

55. Since Plaintiffs have asserted their rights to equal opportunity in their employment, Defendants have systematically reduced their working hours, assigned them to other clubs and changed schedules, changed their duties, and hindered the abilities of each with supervisory responsibilities to carry out those responsibilities.

*Clarissa F. Toves, et al. vs. Raytheon Technical Services Guam, Inc., et al.*
*Civil Case No. _____*
*Complaint and Jury Demand*

11

Case 1:03-cv-00018   Document 1-2   Filed 06/09/2003   Page 11 of 22

56.     Defendants have violated the Equal Pay Act **[29 USCS §206 (d)]** by assigning Plaintiffs to different locations, reducing their work schedules, and paying cash to non-employees, some of whom are related by blood or marriage to Defendants' other employees.

57.     Defendants have violated the Equal Pay Act by failing to pay Plaintiffs the same wages as are paid to non-employees, and by denying Plaintiffs the ability to work the hours given to non-employees.

58.     Defendants have violated the Equal Pay Act by failing to pay or paying different wages to persons who worked before and after Plaintiffs in the same job.

59.     Defendants have violated the Equal Pay Act by failing to pay or paying different wages to persons who worked before and after Plaintiffs in the same job who are of different ethnic backgrounds and different sex than Plaintiffs.

## IMMIGRATION-RELATED UNFAIR EMPLOYMENT PRACTICES

60.     Defendants in permitting non-employees and persons of other ethnic groups to work in their various facilities have violated the Immigration Reform and Control Act of 1986 [IRCA] by failing to require employment applications and competitive criteria from those non-employees.

61.     Defendants treated Plaintiffs differently because of their race, color, and national origin by requiring each of them as a condition of employment to complete a job application and screening for competitive criteria prior to hiring.

62.     As a result of the difference in the method of permitting persons to work for Defendants' facilities, Plaintiffs have been subjected to disparate treatment and discriminated

*Clarissa F. Toves, et al. vs. Raytheon Technical Services Guam, Inc., et al.*
*Civil Case No. _____*
*Complaint and Jury Demand*

12

against in violation of both Title VII and the IRCA.

63.     As an alternative, the manner in which Plaintiffs were required to submit to employment verification and application processes has the purpose and effect of discriminating against them because of their national origin, color, and race, when compared to the non-employees who were permitted to work for Defendants for cash payments.

64.     Defendants have violated both Title VII and the IRCA by requiring employment verifications from each of the Plaintiffs, based on their particular national origin, including their documents indicating their right to work in the United States, while failing to demand or require similar verifications from white persons and other not of Chamorro, or Pacific Island ancestry.

## VIOLATIONS OF PRIVACY AND THE FAMILY LEAVE ACT

65.     Defendants Raytheon and Sodexo are subject to the Family and Medical Leave Act of 1993 by virtue of the Department of Labor Employment Standards;

66.     Plaintiff Toves was eligible for and was granted leave in December 2000. Defendant Krauss informed other employees that they were to exclude Plaintiff from any information regarding the workplace during her leave, despite that Plaintiff was supervising three other employees, which included the two other Plaintiffs named herein, and should remain in contact so that issues could be resolved and the operations could continue efficiently. Defendant Krauss's exclusion of Plaintiff Toves was discriminatory in nature and sought to deprive her of valuable information pertinent to her return to work, so that the transition would be smooth and Plaintiff would be able to perform her duties upon her return;

67.     Defendant Krauss divulged to other employees and to unknown individuals,

*Clarissa F. Toves, et al. vs. Raytheon Technical Services Guam, Inc., et al.*
*Civil Case No. _____*
*Complaint and Jury Demand*

13

including on information and belief, customers and vendors, the nature and extent of the reasons Plaintiff was on leave, in violation of privacy and in violation of the Family and Medical Leave Act;

68.     Defendant Krauss's actions in releasing private information about Plaintiff Toves and her family situation was retaliatory in nature, since Plaintiff Toves had complained about the disparate treatment she was receiving from Krauss, and about the sexual harassment she and others were receiving from Defendant's employees and agents;

69.     Defendant Krauss's actions were intended to and did cause embarrassment, pain, emotional harm and undue suffering to Plaintiff Toves;

70.     Plaintiff Toves made both oral and written complaints about Defendant Krauss and her actions to Defendant Majka and others, who ignored the complaints and permitted Krauss to continue her harassment and discrimination against Plaintiff Toves;

71.     As a result of her complaints about Defendant Krauss, Plaintiff Toves was subjected to retaliation by Krauss, who increased the harassment and discrimination of Toves, through public reprimands, denials of work hours, unreasonable and last minute changes in schedules, and false accusations designed to belittle Toves to her colleagues and co-workers;

72.     As a result of the unlawful actions of Krauss in discriminating, harassing, and retaliating against Plaintiff Toves, and as a result of the actions of Defendants Raytheon, Sodexo and Majka in refusing to stop the unlawful actions of Krauss, and ignoring the complaints of Plaintiff Toves, Toves has suffered emotional and financial harm, in amounts to be proved at trial.

*Clarissa F. Toves, et al. vs. Raytheon Technical Services Guam, Inc., et al.*
*Civil Case No. _____*
*Complaint and Jury Demand*

14

## VICARIOUS LIABILITY/ALTER EGO

73.     Plaintiffs reallege the allegations contained in paragraphs 1 through 72 herein as if fully stated.

74.     Defendants Raytheon, Sodexo and Nana and their agents exercised apparent authority over their agents, employees, and personnel who harassed, discriminated against, and retaliated against the Plaintiffs.

75.     The Plaintiffs complained to Defendants Krauss, Majka, and others, and other supervisors because the chains of command within the respective organizations, Raytheon, Sodexo, and Nana are and were unclear to Plaintiffs.

76.     Defendant Majka as the general manager of Raytheon was of sufficiently high rank as to be the alter ego of the Defendant Raytheon, the contractor with the U.S. Navy so that the unlawful harassment by him of Plaintiffs is imputed to Raytheon, its sub-contractor Sodexo, and its sub-contractor Nana Services.

77.     Defendant Krauss as the manager of Top O' Mar club which employed Plaintiffs initially when the harassing and discriminating conduct began, was of sufficiently high rank as to be the alter ego of the Defendant Sodexo, so that the unlawful harassment by her of Plaintiffs is imputed to Sodexo and its agents in Raytheon and Nana Services.

78.     As a result of the unlawful discrimination practices by Defendants, their agents, contractors, employees, and other personnel, Plaintiffs were subjected to tangible employment actions, including as to Plaintiff Toves, progressive discipline and constructive termination, and

*Clarissa F. Toves, et al. vs. Raytheon Technical Services Guam, Inc., et al.*
*Civil Case No. _____*
*Complaint and Jury Demand*

15

demotions and adverse changes in job titles, benefits, and duties as to all Plaintiffs.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs pray for relief as follows:

1. Compensatory damages for all Plaintiffs for the discriminatory conduct in the amount of $500,000.00 each;

2. Compensatory damages for Plaintiff Toves as a result of the harassment, retaliatory conduct, and violations of privacy and of the Family and Medical Leave Act, and for constructive termination, in the amount of One Million Dollars;

3. Compensatory damages for all Plaintiffs for the violations of the Equal Pay Act in the amount of $100,000.00 each;

4. Compensatory damages for all Plaintiffs for the violations of the Immigration-Related Unfair Employment Practices in the amount of $100,000.00 each;

5. Punitive damages for all Plaintiffs in the amount of One Million Dollars each;

6. As to Plaintiff Toves, for expungement from her employment record of suspensions, Written Warnings, verbal warnings, and any and all negative statements from any named defendant or his or her alleged agent;

7. As to all Plaintiffs, back pay for all hours denied them from the inception of their employment to the date of judgment, based on a 32 hour work week;

8. As to all Plaintiffs, compensatory damages for mental anguish, personal suffering, professional embarrassment, and public humiliation in the amount of $100,000.00 each;

9. An Order that Defendants institute and carry out policies, procedures, practices,

*Clarissa F. Toves, et al. vs. Raytheon Technical Services Guam, Inc., et al.*
*Civil Case No. _____*
*Complaint and Jury Demand*

16

and affirmative action programs which provide equal employment opportunities for persons of all sexes, races, nationalities, and colors and which eradicates the effects of the past and present unlawful employment practices;

10.     An Order that Defendants cease and desist from engaging in or continuing to engage in any employment acts, policies, practices or procedures which may discriminate, in purpose or impact against any present or former employee of the Defendants on the basis of sex, race, national origin, and color.

11.     Attorneys fees and costs;

12.     For any further relief at law or in equity the Court deems proper and just.

### JURY DEMAND

Plaintiffs demand a trial by jury on all issues contained herein, whether at law or in equity. Respectfully submitted this $3^{d}$ day of June, 2003.

LAW OFFICE OF SANDRA D. LYNCH, ESQ., P.C.

By:     _Sandra D. Lynch_

Sandra D. Lynch, Esq.
Attorney for Plaintiffs

*Clarissa F. Toves, et al. vs. Raytheon Technical Services Guam, Inc., et al.*
*Civil Case No.* _____
*Complaint and Jury Demand*

17

# United States District Court

### DISTRICT OF

DISTRICT COURT OF GUAM

CLARISSA F. TOVES,
CHRISTINE D. GUZMAN, and
BRENDA L. HERNANDEZ

V.

RAYTHEON TECHNICAL SERVICES, GUAM, INC.;
SODEXO MARRIOTT SERVICES, INC.; NANA
SERVICES, LLC; MARIE KRAUSS; JOSEPH MAJKA;
and DOES I THROUGH XX

## SUMMONS IN A CIVIL CASE

CASE NUMBER: **03-00018**

TO: (Name and address of defendant)

NANA Services, LLP
1st Floor, 138 Seaton Blvd.
Hagatna, GU 96910

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

SANDRA D. LYNCH, ESQ.
251 Martyr Street, Suite 101
C&A Building
Hagatna, Guam 96910

ACKNOWLEDGED RECEIPT

y:

Date:

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**Mary L. M. Moran**

CLERK

Marilyn B. Alcon

(BY) DEPUTY CLERK

JUN - 9 2003

DATE

COPY

# United States District Court

DISTRICT OF

DISTRICT COURT OF GUAM

CLARISSA F. TOVES,
CHRISTINE D. GUZMAN, and
BRENDA L. HERNANDEZ

V.

RAYTHEON TECHNICAL SERVICES, GUAM, INC.;
SODEXO MARRIOTT SERVICES, INC.; NANA
SERVICES, LLC; MARIE KRAUSS; JOSEPH MAJKA;
and DOES I THROUGH XX

## SUMMONS IN A CIVIL CASE

CASE NUMBER: **03-00018**

TO: (Name and address of defendant)

Sodexo Marriott Services, Inc.
1st Floor, 138 Seaton Blvd.
Hagatna, Guam 96910

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

SANDRA D. LYNCH, ESQ.
251 Martyr Street, Suite 101
C&A Building
Hagatna, Guam 96910

**ACKNOWLEDGED RECEIPT**

By: _____
Date: _____

an answer to the complaint which is herewith served upon you, within _____20_____ days after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

**Mary L. M. Moran**

_____
CLERK

/s/ Marilyn B. Alcon

_____
(BY) DEPUTY CLERK

JUN - 9 2003

_____
DATE

COPY

# United States District Court

_____ DISTRICT OF _____
DISTRICT COURT OF GUAM

CLARISSA F. TOVES,
CHRISTINE D. GUZMAN, and
BRENDA L. HERNANDEZ

**V.**

RAYTHEON TECHNICAL SERVICES, GUAM, INC.:
SODEXO MARRIOTT SERVICES, INC.; NANA
SERVICES, LLC; MARIE KRAUSS; JOSEPH MAJKA;
and DOES I THROUGH XX

### SUMMONS IN A CIVIL CASE

CASE NUMBER: **03-00018**

TO: (Name and address of defendant)

Raytheon Technical Services Guam, Inc.
415 Chalan San Antonio #101-331
Tamuning, Guam 96911

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

SANDRA D. LYNCH, ESQ.
251 Martyr Street, Suite 101
C&A Building
Hagatna, Guam 96910

ACKNOWLEDGED RECEIPT

By: _____
Date: _____

an answer to the complaint which is herewith served upon you, within _____20_____ days after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

Mary L. M. Moran

JUN - 9 2003

_____
CLERK

_____
DATE

/s/ Marilyn B. Alcon
_____
(BY) DEPUTY CLERK

COPY

# United States District Court

_____ DISTRICT OF _____

DISTRICT COURT OF GUAM

CLARISSA F. TOVES,
CHRISTINE D. GUZMAN, and
BRENDA L. HERNANDEZ

V.

RAYTHEON TECHNICAL SERVICES, GUAM, INC.;
SODEXO MARRIOTT SERVICES, INC.; NANA
SERVICES, LLC; MARIE KRAUSS; JOSEPH MAJKA;
and DOES I THROUGH XX

## SUMMONS IN A CIVIL CASE

CASE NUMBER: **03-00018**

TO: (Name and address of defendant)

c/o  MR. JOSEPH MAJKA
Sodexo Marriott Services, Inc.
1st Floor, 138 Seaton Blvd.
Hagatna, GU 96910

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

SANDRA D. LYNCH, ESQ.
251 Martyr Street, Suite 101
C&A Building
Hagatna, Guam 96910

ACKNOWLEDGED RECEIPT

By: _____
Date: _____

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Mary L. M. Moran

JUN - 9 2003

CLERK

/s/ Marilyn B. Alcon

DATE

(BY) DEPUTY CLERK

COPY

# United States District Court

—————————— DISTRICT OF ——————————
DISTRICT COURT OF GUAM

CLARISSA F. TOVES,
CHRISTINE D. GUZMAN, and
BRENDA L. HERNANDEZ

### SUMMONS IN A CIVIL CASE

V.

RAYTHEON TECHNICAL SERVICES, GUAM, INC.;
SODEXO MARRIOTT SERVICES, INC.; NANA
SERVICES, LLC; MARIE KRAUSS; JOSEPH MAJKA;
and DOES I THROUGH XX

CASE NUMBER: **03-00018**

TO: (Name and address of defendant)

Marie Krauss
c/o Sodexo Marriott Services, Inc.
1st Floor, 138 Seaton Blvd.
Hagatna, GU 96910

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

SANDRA D. LYNCH, ESQ.
251 Martyr Street, Suite 101
C&A Building
Hagatna, Guam 96910

ACKNOWLEDGED RECEIPT

By:
Date:

an answer to the complaint which is herewith served upon you, within _____20_____ days after
service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

**Mary L. M. Moran**

_____
CLERK

**/s/ Marilyn B. Alcon**

_____
(BY) DEPUTY CLERK

JUN - 9 2003

_____
DATE

COPY