FILED
DISTRICT COURT OF GUAM
JUL 22 2003
MARY L. M. MORAN
CLERK OF COURT

MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys at Law
Suite 807, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-2089/2090

Attorneys for Defendant Sodexho Management, Inc.

## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF GUAM

| | |
|---|---|
| CLARISSA F. TOVES, CHRISTINE D. GUZMAN, and BRENDA L. HERNANDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>RAYTHEON TECHNICAL SERVICES, GUAM, INC., SODEXO MARRIOTT SERVICES, INC., NANA SERVICES, LLC, MARIE KRAUSS, JOSEPH MAJKA, and Does I through XX,<br><br>Defendants. | CIVIL CASE NO. 03-00018<br><br><br><br>**SODEXHO MANAGEMENT, INC.'S ANSWER TO COMPLAINT** |

COMES NOW Sodexho Management, Inc.,[1] a wholly-owned subsidiary of

Sodexho, Inc. (hereinafter "Sodexho"), and responds to Plaintiffs Clarissa F. Toves, Christine

---

[1] Improperly named as Sodexho Marriott Services, Inc.

D. Guzman and Brenda L. Hernandez's (hereinafter collectively referred to as "Plaintiffs") Complaint and Jury Demand ("Complaint") as follows:

1. With respect to various allegations regarding other party defendants or non-parties, Sodexho is without information sufficient to form a belief as to any of these allegations and, therefore, denies each of them in their entirety. Further, Sodexho's Answer to the Complaint is asserted as to Sodexho only, and Sodexho severs itself from all other parties.

2. With respect to paragraph 1 of the Complaint, Sodexho admits that the Court has jurisdiction over federal claims, but denies that the Court has jurisdiction over any claims based upon local law.

3. As to paragraph 2 of the Complaint, Sodexho denies the allegations of said paragraph based on lack of information sufficient to respond otherwise.

4. Sodexho denies the allegations contained in paragraphs 3, 6, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 66, 68, 69, 71, 72, 74, 76, 77 and 78 of the Complaint, generally and specifically.

5. With respect to paragraphs 4, 5, and 10 of the Complaint, Sodexho lacks sufficient information to admit or deny said allegations and, on that basis, denies those allegations, generally and specifically.

6. As to paragraph 7 of the Complaint, Sodexho admits only that Sodexho is duly incorporated and is duly licensed and authorized to conduct its business on Guam.

2

7. With respect to paragraphs 29, 30, 45, 46, 47, 67, 70 and 75 of the Complaint, Sodexho denies each and every such allegations contained therein on the basis of information and belief.

8. As to paragraph 65 of the Complaint, Sodexho admits only that Sodexho is subject to FMLA. Sodexho denies the remaining allegation contained in said paragraph.

9. With respect to paragraph 73 of the Complaint, Sodexho realleges and incorporates by this reference as if fully set forth herein its responses to the paragraphs incorporated therein.

10. Sodexho expressly denies each and every allegation of each and every paragraph of Plaintiffs' Complaint that it has not expressly admitted in this Answer.

11. Sodexho denies that Plaintiffs, or any of them, are entitled to any recovery against Sodexho in any amount for any reason.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state claims for which relief can be granted.

2. Plaintiffs' prayer for injunctive relief is barred by the fact that Plaintiffs have not pleaded a count for injunctive relief, nor have they specified with particularity what conduct they ask to have enjoined.

3. The imposition of any exemplary or punitive damages in this matter would deprive Defendant of its property without due process of law under the Organic Act and/or the United States Constitution.

4. The imposition of any exemplary or punitive damages in this matter would violate the Organic Act and United States Constitution's prohibition against laws impairing the obligation of contracts.

5. The imposition of any exemplary or punitive damages in this matter would constitute a criminal fine or penalty and should, therefore, be remitted on the ground that the award violates the Organic Act and/or United States Constitution.

6. The imposition of any exemplary or punitive damages in this matter is impermissible because the law of Guam regarding such damages fails to comport with due process as guaranteed under the Fifth and Fourteenth Amendments of the United States Constitution and applicable provisions of the Organic Act in that:

    a. There are no statutory limits placed on the amount of punitive damages that a jury may award;

    b. There is no requirement that punitive damages be reasonably proportionate to the amount of compensatory damages awarded;

    c. The preponderance of evidence standard of proof is not high enough to satisfy due process where a defendant faces an exemplary or punitive damages award; and

d. The criteria for review of an award of punitive damages on appeal are impermissibly vague and uncertain.

7. The imposition of any exemplary or punitive damages in this matter would be impermissible because such damages violate the separation of powers requirements of the Organic Act by allowing courts and juries to determine what conduct constitutes punishable conduct and the amount of punishment therefor.

8. Plaintiffs have failed to exhaust their administrative remedies.

9. Plaintiffs' claims are barred by the applicable statute of limitations.

10. Plaintiffs' claims are barred based on the doctrine of laches.

11. Sodexho's conduct with respect to its employees and supervisors was, at all relevant times, nondiscriminatory and consistent with customary business practice; and all employment decisions with respect to Plaintiffs were made for legitimate business reasons.

12. Plaintiffs' claims are barred as to Sodexho because all or part of the conduct complained of by Plaintiffs in their Complaint was welcomed or initiated by them.

13. Plaintiffs' claims are barred because Sodexho exercised reasonable care to prevent any unlawful behavior in the workplace; and Plaintiffs unreasonably failed to take advantage of such preventive and/or corrective opportunities provided by Sodexho or to otherwise avoid harm.

14. To the extent that Sodexho was made aware of any of the employment conditions about which Plaintiffs complain, Sodexho took prompt and appropriate remedial action.

5

15. Plaintiffs failed to make and cannot show a causal connection between any conduct on the part of Sodexho and the harm they allegedly suffered.

16. Plaintiffs have waived and are estopped from asserting any and all claims against Sodexho which were not first raised in their respective EEOC complaints.

17. Plaintiffs failed to establish and cannot prove that any unlawful discriminatory motive on the part of Sodexho was the proximate cause of any alleged adverse employment action.

18. Plaintiffs have failed to plead and cannot prove that any alleged hostility they experienced in connection with their employment was a sufficiently severe or pervasive condition of employment so as to amount to abusive environment actionable under Title VII or any other provision of law.

19. Plaintiffs have failed to plead special damages with requisite particularity.

20. Plaintiffs have failed to state a claim for entitlement to an award of attorneys' fees.

21. Plaintiffs' claims are barred as to Sodexho, in whole or in part, by application of Guam Agency law; including, without limitation, the borrowed-servant doctrine.

22. Plaintiffs' claims or the damages they may recover are barred or at least must be reduced based on their failure to mitigate damages.

/ /

/ /

6

## PRAYER FOR RELIEF

WHEREFORE, Sodexho prays that this Court enter judgment as follows:

1. That this Court enter judgment against Plaintiffs and in favor of Sodexho on all counts of Plaintiffs' Complaint;

2. That this Court grant Sodexho all costs of suit herein, including attorneys' fees as sanctions for the filing of a frivolous complaint;

3. That this Court grant Sodexho any and all such other and further relief as the Court deems just and proper, whether prayed for or not.

Respectfully submitted this 22nd day of July, 2003.

**MAIR, MAIR, SPADE & THOMPSON**
A Professional Corporation
Attorneys for Defendant Sodexho
   Management, Inc.

By_____
RANDALL TODD THOMPSON

P03776.RTT

7