**LAW OFFICES OF**
**HORECKY & ASSOCIATES**
1st Floor, J. Perez Building
138 Seaton Boulevard
Hagåtña, Guam   96910
Telephone: (671) 472-8275/6
Facsimile: (671) 472-8403

FILED
DISTRICT COURT OF GUAM

JUL 2 3 2003

MARY L. M. MORAN
CLERK OF COURT

⑨

Attorneys for Defendant
RAYTHEON TECHNICAL SERVICES GUAM, INC.

**DISTRICT COURT OF GUAM**

**TERRITORY OF GUAM**

| | |
|---|---|
| CLARISSA F. TOVES, CHRISTINE D. GUZMAN, and BRENDA L. HERNANDEZ, | CIVIL CASE NO. 03-00018 |
| Plaintiffs, | |
| vs. | **ANSWER** |
| RAYTHEON TECHNICAL SERVICES GUAM, INC., SODEXHO MARRIOT LLC., MARIE KRAUSS, JOSEPH MAJKA, and DOES I through XX, | |
| Defendants. | |

Defendant RAYTHEON TECHNICAL SERVICES GUAM, INC. answers the Complaint as follows:

1.    Defendant admits the allegation of paragraph 1 that this court would have jurisdiction over Plaintiffs' claims as alleged if Plaintiffs had a meritorious cause of action, but denies that Defendant has engaged in any unlawful employment practice or that Plaintiffs are entitled to relief under Title VII

2.    Defendant denies the allegations of paragraphs  3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 66, 67, 68, 69, 70, 71, 72, 74, 76, 77, and 78.

**ORIGINAL**

CLARISSA F. TOVES, CHRISTINE D. GUZMAN, and BRENDA L. HERNANDEZ v. RAYTHEON TECHNICAL SERVICES
GUAM , INC., NANA SERVICES, LLC., MARIE KRAUSS, JOSEPH MAJKA, and DOES I through XX
DISTRICT COURT OF GUAM CIVIL CASE NO. 03-00018
ANSWER

3.       Defendant admits the allegations contained in paragraph 7.

4.       With respect to the allegations of paragraph 2, Defendant admits the first sentence thereof, but denies the second sentence.

5.       With respect to the allegations of paragraph 65, Defendant admits that it is subject to the Family and Medical Leave Act of 1993, but denies all other allegations contained therein.

6.       With respect to the allegations of paragraph 73, Defendant incorporates and re-alleges its answers to paragraphs 1 through 72 of the Complaint as though fully stated herein.

7.       With respect to the allegations of paragraph 75, Defendant admits that Plaintiffs complained about some matters, denies that Plaintiffs complained about others, denies all other allegations of the paragraph or that Plaintiffs followed proper complaint procedures with Defendant.

8.       Except as expressly admitted herein, Defendant denies each and every allegation of Plaintiffs' Complaint.

## AFFIRMATIVE DEFENSES

1.       In whole or in part, Plaintiffs fail to state a cause of action against Defendant.

2.       In whole or in part, Plaintiffs fail to state a claim against Defendant upon which relief may be granted.

3.       Plaintiffs' Complaint and all causes of action therein are barred in whole or in part by the applicable statute of limitations.

4.       If the Plaintiffs establish that allegedly impermissible conduct occurred within six months of the limitations period, which is denied, a reasonable person in Plaintiffs' position would have filed a complaint with the Equal Employment Opportunity Commission before the limitations period ran on the earlier-occurring alleged conduct.

5.       Plaintiffs failed to properly exhaust all of their administrative remedies.

6.       Defendant exercised reasonable care to prevent and correct promptly any impermissible

Page 2

1    CLARISSA F. TOVES, CHRISTINE D. GUZMAN, and BRENDA L. HERNANDEZ v. RAYTHEON TECHNICAL SERVICES
     GUAM , INC., NANA SERVICES, LLC., MARIE KRAUSS, JOSEPH MAJKA, and DOES I through XX
     DISTRICT COURT OF GUAM CIVIL CASE NO. 03-00018
2    ANSWER

conduct and Plaintiffs failed to timely bring their claims of alleged discrimination to Defendant's attention even though they knew or should have known to bring such Complaints; when Plaintiffs did bring Complaints, Defendant took prompt and effective action to address such Complaints.

7.      Plaintiffs failed to comply in whole or in part with the statutory or administrative prerequisites to filing suit.

8.      Upon information and belief, Plaintiffs failed to file the complaint in this court within ninety days following receipt from the EEOC of Plaintiffs' right to sue notice as is required by 42 U.S.C. §2000e-5(f)(1).

9.      Plaintiffs failed to mitigate damages, if any.

10.     Any damages suffered by plaintiffs were caused by actions or omissions of others for whom Defendant Raytheon is not legally responsible.

11.     Plaintiffs' action is barred by laches. The length of time between the alleged unlawful employment practice and the filing of the complaint was unreasonable, and this delay by Plaintiffs in filing the Complaint resulted in injury and prejudice to Defendant.

PRAYER FOR RELIEF

WHEREFORE, Defendant RAYTHEON TECHNICAL SERVICES GUAM, INC. prays for judgment as follows:

1.      That Plaintiffs take nothing from their Complaint;

2.      For costs of suit; and

///

///

Page 3

CLARISSA F. TOVES, CHRISTINE D. GUZMAN, and BRENDA L. HERNANDEZ v. RAYTHEON TECHNICAL SERVICES
GUAM , INC., NANA SERVICES, LLC., MARIE KRAUSS, JOSEPH MAJKA, and DOES I through XX
DISTRICT COURT OF GUAM CIVIL CASE NO. 03-00018
ANSWER

3. For such other relief as the court deems proper.

Dated this 23rd day of July, 2003.

LAW OFFICES OF
HORECKY & ASSOCIATES

By: _Fredick J. Horecky_
Frederick J. Horecky, Esq.
Attorneys for Defendant Raytheon Technical Services
Guam, Inc.