DOOLEY LANNEN ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223

Attorneys for Defendant NANA Services, LLC



DISTRICT COURT OF GUAM
TERRITORY OF GUAM

| | |
|---|---|
| CLARISSA F. TOVES,<br>CHRISTINE D. GUZMAN,<br>and BRENDA L. HERNANDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>RAYTHEON TECHNICAL SERVICES,<br>GUAM, INC., SODEXHO MARRIOTT<br>MANAGEMENT, INC. dba SODEXHO<br>SERVICES, NANA SERVICES, LLC,<br>MARIE KRAUSS, JOSEPH MAJKA, and<br>DOES 1 THROUGH XX,<br><br>Defendants. | CIVIL CASE NO. 03-00018<br><br><br><br><br><br>**AMENDED ANSWER TO**<br>**COMPLAINT AND CROSS-CLAIM** |
| NANA SERVICES, LLC,<br><br>Cross-Claimant,<br><br>v.<br><br>SODEXHO MARRIOTT MANAGEMENT,<br>INC. dba SODEXHO SERVICES,<br><br>Cross-Claim Defendant. | |

1
ORIGINAL

Defendant NANA Services, LLC (Defendant NANA Services), answers the Complaint and Jury Demand [Title VII, the Civil Rights Act of 1964] (Complaint) of Plaintiffs Clarissa F. Toves (Plaintiff Toves), Christine D. Guzman (Plaintiff Guzman), and Brenda L. Hernandez (Plaintiff Hernandez) (collectively Plaintiffs) as follows:

## ANSWER

1. Defendant NANA Services admits the allegations in paragraphs 1, 3, 4, and 6 of the Complaint.

2. Defendant NANA Services denies the allegations in paragraphs 11 through 64, and 73 through 78 of the Complaint.

3. Defendant NANA Services lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 5, 7, 8, 9, 10, and 65 through 72 of the Complaint, and on that basis, denies the same.

4. As to the allegations in paragraph 2 of the Complaint, Defendant NANA Services admits that Plaintiffs are U.S. citizens who reside in Guam, and denies that Plaintiffs are employed by Defendant Raytheon Technical Services Guam, Inc. (Defendant Raytheon). Defendant NANA Services lacks knowledge or information sufficient to form a belief as to where Plaintiffs are from, and on that basis, denies the allegations regarding the same.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state claims upon which relief may be granted.

2. Certain "Title VII" violations alleged by Plaintiff Toves are barred by the statute of limitations. Specifically, Plaintiff Toves bases her "Title VII" claims on events occurring in October 2000, and February and April of 2001, however, Plaintiff Toves did not file her charge with the Equal Employment Opportunity Commission (EEOC) as to Defendant NANA Services until

2

December of 2002. As such, Plaintiff Toves' charge was filed with the EEOC more than one hundred eighty (180) days after the acts complained of.

3. Plaintiffs' Complaint is barred by laches.

4. Plaintiffs allege illegal conduct that was not alleged in the charge filed with the EEOC, and the allegations reasonably could not be expected to flow from any investigation by the EEOC. Accordingly, Plaintiffs have failed to exhaust their administrative remedies under Title VII as required by 42 U.S.C. § 2000e-5(b) and (c).

5. Plaintiffs have also failed to exhaust their administrative remedies in regards to other causes of action asserted.

6. Plaintiffs lack standing.

7. Defendant NANA Services exercised reasonable care to promptly correct and prevent any conduct which might have been unlawful.

8. Plaintiffs unreasonably failed to avail themselves of the procedures and mechanisms offered by Defendant NANA Services to resolve their employment claims.

9. Plaintiffs' wages were based on legitimate factors.

10. Defendant NANA Services did not discriminate with malice or reckless indifference to Plaintiffs' rights, and therefore, Plaintiffs are not entitled to punitive damages.

11. Defendant NANA Services acted at all times relevant in good faith and without reason to believe that its conduct was in violation of law.

12. Plaintiff Toves is estopped from asserting her claims based on her voluntary resignation from employment with Defendants.

13. Plaintiff Toves has waived her claims based on her voluntary resignation from employment with Defendants.

14. Defendant NANA Services' actions were privileged.

15. Defendant NANA Services' actions were justified.

16. Defendant NANA Services is immune from some, or all, of plantiffs' claims.

17. Plaintiff Toves' claims are barred by the doctrines of truth, fair comment, opinion, lack of publication, and discharge of duty.

18. Plaintiffs seek damages in excess of that provided for by law.

19. Plaintiffs have failed to mitigate their damages.

20. Even if Plaintiffs prove a violation of Title VII, NANA Services would have taken the same action in the absence of the impermissible motivating factor.

21. Defendant NANA Services does not consent to a trial by jury of any claims to which Plaintiffs are not entitled to a trial by jury.

22. The imposition of exemplary or punitive damages would deprive Defendant NANA Services, LLC of its property without due process as guaranteed by the Constitution of the United States and by the Organic Act of the territory of Guam.

WHEREFORE, as to Plaintiffs' Complaint, Defendant NANA Services, LLC prays for judgment as follows:

1. That Plaintiffs take nothing from their Complaint;

2. For costs of suit; and

3. For such other relief as the Court deems proper.

## **CROSS-CLAIM FOR INDEMINTY AGAINST DEFENDANT SODEXHO**

Defendant NANA Services, for its Cross-Claim against Defendant Sodexho Management, Inc. (Defendant Sodexho), alleges as follows:

4

## JURISDICTION and VENUE

1. Jurisdiction over this cross-claim is proper pursuant to 28 U.S.C. § 1367(a).

2. Venue in the District of Guam is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in the District of Guam.

## ALLEGATIONS COMMON TO ALL COUNTS

3. Prior to June 26, 2002, Defendant Sodexho was a prime contractor with Defendant Raytheon, and pursuant to the prime contract (Prime Contract) managed and operated the Admiral Nimitz Golf Course, Rumors, and Top O' The Mar facilities for Defendant Raytheon.

4. Prior to June 26, 2002, Defendant NANA Services had no contractual, managerial, or other connection with the Admiral Nimitz Golf Course, Rumors, and Top O' The Mar facilities.

5. Defendant Sodexho as the prime contractor with Defendant Raytheon up to and including June 26, 2002, was responsible for all acts alleged in the Complaint to have occurred up to and including June 26, 2002.

6. On June 26, 2002, pursuant to an assignment and novation, Defendant NANA Services assumed the contractual responsibilities of and the benefits due Defendant Sodexho under the Prime Contract.

7. On August 8, 2002, Defendant NANA Services and Defendant Sodexho entered into a Subcontract whereby Defendant Sodexho agreed to provide to Defendant NANA Services all professional and technical personnel, administrative/clerical support, facilities, equipment, materials and supplies necessary to operate the Admiral Nimitz Golf Course, Rumors, and Top O' The Mar facilities (Subcontract). Further, Defendant Sodexho was to provide management, supervision, labor and related resources necessary to perform all services under the Subcontract.

# COUNT ONE
## CROSS-CLAIM FOR IMPLIED CONTRACTUAL INDEMNITY

8. Pursuant to the Subcontract, Defendants Sodexho and NANA Services agreed that neither party would be liable for the other party's failure to fully comply with all applicable laws.

9. Accordingly, an implied contractual right of indemnity exists in favor of Defendant NANA Services in the event Defendant NANA Services is held liable for any violation of law on the part of Defendant Sodexho.

# COUNT TWO
## CROSS-CLAIM FOR EQUITABLE INDEMNITY

10. Based on the principles of equitable indemnity, an equitable right of indemnity exists in favor of Defendant NANA Services against Defendant Sodexho in the event Defendant NANA Services is held liable for any violation of law on the part of Defendant Sodexho.

# COUNT THREE
## CROSS-CLAIM FOR CONTRIBUTION

11. Plaintiffs' claims, if any, arise from the negligent conduct of Defendant Sodexho, its agents and employees.

12. If liability is imposed against Defendant NANA Services, then NANA Services is entitled to contribution from Defendant Sodexho in an amount up to the value of any judgment which may be awarded to plaintiffs.

WHEREFORE, as to its Cross-Claim against Defendant Sodexho, Defendant NANA Services prays for judgment as follows:

1. That Defendant Sodexho indemnify Defendant NANA Services for all damages which Defendant NANA Services shall become liable for;

2. For a judgment for contribution against Defendant Sodexho;

3. For costs of suit; and

4. For such other relief as the Court deems proper.

Dated this 28th day of July 2003.

DOOLEY LANNEN ROBERTS & FOWLER LLP

By: _____
**DAVID W. DOOLEY**
Attorneys for Defendant NANA Services, LLC

F:\Documents\1\5 Civil\N139 Nana Services LLC\Answer to Complaint-Amended (revised).072803.doc

7

# CERTIFICATE OF SERVICE

I, **DAVID W. DOOLEY**, hereby declare that on July 28, 2003, I caused a copy of Defendant NANA Services, LLC's Amended Answer to Complaint and Cross-claim to be served upon the following:

> Sandra D. Lynch, Esq.
> Suite 101 – C&A Building
> 251 Martyr Street
> Hagåtña, Guam 96910
>
> Mitchell F. Thompson, Esq.
> Maher & Thompson, P.C.
> First Savings & Loan Building
> 140 Aspinall Avenue
> Hagatna, Guam 96910
>
> Frederick J. Horecky, Esq.
> Law Offices of Horecky & Associates
> 1st Floor, J. Perez Building
> 138 Seaton Blvd.
> Hagatna, Guam 96910

Dated this 28th day of July 2003.

_____
DAVID W. DOOLEY

F:\Documents\1\5 Civil\N139 Nana Services LLC\Answer to Complaint-Amended (revised).072803.doc