DOOLEY LANNEN ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223

Attorneys for Defendant NANA Services, LLC

**FILED**
DISTRICT COURT OF GUAM
OCT 10 2003
MARY L. M. MORAN
CLERK OF COURT

17

## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| CLARISSA F. TOVES, CHRISTINE D. GUZMAN, and BRENDA L. HERNANDEZ,<br><br>  Plaintiffs,<br><br>v.<br><br>RAYTHEON TECHNICAL SERVICES, GUAM, INC., SODEXHO MARRIOTT MANAGEMENT, INC. dba SODEXHO SERVICES, NANA SERVICES, LLC, MARIE KRAUSS, JOSEPH MAJKA, and DOES 1 THROUGH XX,<br><br>  Defendants.<br><br>NANA SERVICES, LLC,<br><br>  Cross-Claimant,<br><br>v.<br><br>SODEXHO MARRIOTT MANAGEMENT, INC. dba SODEXHO SERVICES,<br><br>  Cross-Claim Defendant. | CIVIL CASE NO. 03-00018<br><br>**MOTION TO AMEND [FIRST] AMENDED ANSWER TO COMPLAINT AND CROSS-CLAIM; AND CERTIFICATE OF SERVICE** |

*Clarissa F. Toves, et. al. v. Raytheon Technical Services Guam, Inc., et. al.*
District Court of Guam Civil Case No. 03-00018
Motion to Amend [First] Amended Answer to Complaint and Cross-claim;
 And Certificate of Service
Page 2

TO: **PLAINTIFFS CLARISSA F. TOVES, CHRISTINE D. GUZMAN, AND BRENDA L. HERNANDEZ, AND THEIR ATTORNEY OF RECORD, SANDRA D. LYNCH, ESQ.**

**DEFENDANT RAYTHEON TECHNICAL SERVICES, GUAM, INC. AND ITS ATTORNEYS OF RECORD, HORECKY & ASSOCIATES**

**DEFENDANT SODEXHO MARRIOTT MANAGEMENT, INC. DBA SODEXHO SERVICES, AND ITS ATTORNEYS 0F RECORD, MAIR, MAIR, SPADE & THOMPSON, P.C.**

## NOTICE OF MOTION

Pursuant to the Court's Scheduling Order filed September 9, 2003, all motions to add parties and claims shall be heard on November 3, 2003. Defendant NANA Services, LLC (Defendant NANA Services), however, does not request oral argument on this Motion To Amend [First] Amended Answer To Complaint And Cross-Claim.

## MOTION

Defendant NANA Services moves this court for an order permitting the filing of a Second Amended Answer to Complaint and Cross-claim. This motion is made pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and is based on the instant pleadings, all files and records in this case, and any and all other evidence which may be produced at the hearing on this motion.

## MEMORANDUM OF LAW

I. **BACKGROUND.**

Plaintiffs Clarissa F. Toves (Plaintiff Toves), Christine D. Guzman (Plaintiff Guzman), and Brenda L. Hernandez (Plaintiff Hernandez) (collectively Plaintiffs) filed their Complaint and Jury

*Clarissa F. Toves, et. al. v. Raytheon Technical Services Guam, Inc., et. al.*
District Court of Guam Civil Case No. 03-00018
Motion to Amend [First] Amended Answer to Complaint and Cross-claim;
 And Certificate of Service
Page 3

Demand [Title VII, the Civil Rights Act of 1964] (Complaint) on June 9, 2003. In their Complaint, Plaintiffs alleged violations of Title VII of the Civil Rights Act of 1964, "constitutional and common law protection," the Equal Pay Act, the Immigration Reform and Control Act of 1986, and the Family Leave Act. Raytheon Technical Services Guam, Inc. (Defendant Raytheon) and Sodexho Management, Inc. (Defendant Sodexho) were named as defendants, in addition to Defendant NANA Services.

Defendant NANA Services filed its Answer to Complaint on July 7, 2003, and an Amended Answer to Complaint and Cross-Claim on July 28, 2003. Defendant Sodexho filed its answer on July 22, 2003 and Defendant Raytheon filed its answer on July 23, 2003.

The Court issued its Scheduling Order on September 9, 2003. In the Scheduling Order, the Court set a date of October 10, 2003, by which date all motions to add parties and claims were to be filed.

## II.     ARGUMENT.

Rule 15(a) of the Federal Rules of Civil Procedure authorizes a court to grant leave to amend pleadings. The rule provides that if a pleading has been filed in response to a complaint, an amended pleading may only be filed with leave of court. Case law interpreting Rule 15(a) has held that motions for leave to amend should be liberally treated and the express language of the rule states that "leave shall be freely given when justice so requires."

The policy behind this liberality is to ensure that cases are decided on the merits, and not on procedural or technical grounds. *See generally*, 6 C. Wright, A. Miller & M. Kane, Federal Practice

*Clarissa F. Toves, et. al. v. Raytheon Technical Services Guam, Inc., et. al.*
District Court of Guam Civil Case No. 03-00018
Motion to Amend [First] Amended Answer to Complaint and Cross-claim;
 And Certificate of Service
Page 4

& Procedure, § 1474 (West 1990). To hold otherwise would be to frustrate the general policy behind the rules of civil procedure and would make pleadings an end in themselves. Therefore, Rule 15(a) motions are frequently brought for the purpose of adding new claims, theories of relief and parties. *See id.*

The United States Supreme Court affirmed these principals in the leading case of *Foman v. Davis*, 371 U.S. 178 (1962). In *Foman*, the plaintiff sought leave to amend his complaint after his original complaint had been dismissed for failure to state a claim upon which relief could be granted. In reversing the decision of the trial court which had denied leave to amend, the Supreme Court stated that:

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. [Citation omitted]. If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc. -- the leave to amend should, as the rules require, be "freely given". Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman*, 371 U.S. 178, 182 (1962).

The principals laid out in *Foman* have been adopted by the Ninth Circuit. *See, Howey v.*

*Clarissa F. Toves, et. al. v. Raytheon Technical Services Guam, Inc., et. al.*
District Court of Guam Civil Case No. 03-00018
Motion to Amend [First] Amended Answer to Complaint and Cross-claim;
 And Certificate of Service
Page 5

*United States*, 481 F.2d 1187 (9th Cir. 1973); *United States v. Webb*, 655 F.2d 977 (9th Cir. 1981).

In *United States v. Webb*, the court of appeal stated that:

> Fed.R.Civ.P. 15 places leave to amend, after a brief period in which a party may amend as of right, within the sound discretion of the trial court. [Citation omitted]. In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits, rather than on the pleadings or technicalities. [Citation omitted]. Accordingly, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." [Citation omitted].
>
> In *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), the Supreme Court identified four factors relevant to whether a motion for leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. In *Howey v. United States*, 481 F.2d 1187 (9th Cir. 1973), this Court analyzed these factors and concluded that they are not of equal weight. Specifically, we noted that delay alone -- no matter how lengthy -- is an insufficient ground for denial of leave to amend. "Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading." [Citations omitted].

*United States v. Webb*, 655 F.2d 977, 979-980 (9th Cir. 1981).

Consideration of the foregoing factors should lead this Court to grant Defendant NANA Services leave to file the attached Second Amended Answer To Complaint And Cross-Claim. The Second Amended Answer To Complaint And Cross-Claim would add cross-claims against Defendant Raytheon for contribution and indemnity, similar to the cross-claims already filed against Defendant Sodexho. Further, the Second Amended Answer To Complaint And Cross-Claim would correct the dates within which certain transactions between the Defendants took place, and clarify the

*Clarissa F. Toves, et. al. v. Raytheon Technical Services Guam, Inc., et. al.*
District Court of Guam Civil Case No. 03-00018
Motion to Amend [First] Amended Answer to Complaint and Cross-claim;
 And Certificate of Service
Page 6

nature of the contractual relationships between the Defendants.

While all the parties have provided their initial disclosures, no written discovery has been propounded, and no depositions have been noticed. This case is still in its very preliminary stages, and there will be no prejudice to any party in its ability to litigate the claims at issue. Further, there has been no undue delay, bad faith, or dilatory motive on Plaintiff's part, and the amendment is not futile.

### III. CONCLUSION.

Based on the foregoing, Defendant NANA Services requests that its Motion To Amend NANA Services [First] Amended Answer To Complaint And Cross-Claim be granted.

Dated this 10th day of October, 2003.

DOOLEY LANNEN ROBERTS & FOWLER LLP

By: _____
**JON A. VISOSKY**
Attorneys for Defendant NANA Services, LLC

*Clarissa F. Toves, et. al. v. Raytheon Technical Services Guam, Inc., et. al.*
District Court of Guam Civil Case No. 03-00018
Motion to Amend [First] Amended Answer to Complaint and Cross-claim;
 And Certificate of Service
Page 7

## CERTIFICATE OF SERVICE

I, **JON A. VISOSKY**, hereby declare that on October 10, 2003, I caused a copy of Defendant NANA Services, LLC's Second Amended Answer to Complaint and Cross-claim to be served upon the following:

> Sandra D. Lynch, Esq.
> Suite 101 – C&A Building
> 251 Martyr Street
> Hagåtña, Guam 96910
>
> Todd R. Thompson, Esq.
> Mair, Mair, Spade & Thompson, P.C.
> Suite 807, GCIC Building
> 414 West Soledad Avenue
> Hagatna, Guam   96910
>
> Frederick J. Horecky, Esq.
> Law Offices of Horecky & Associates
> 1st Floor, J. Perez Building
> 138 Seaton Blvd.
> Hagatna, Guam   96910

Dated this 10th day of October, 2003.

_____
**JON A. VISOSKY**

DOOLEY LANNEN ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223

Attorneys for Defendant NANA Services, LLC

## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | | |
|---|---|---|
| CLARISSA F. TOVES, CHRISTINE D. GUZMAN, and BRENDA L. HERNANDEZ, | ) ) ) ) | CIVIL CASE NO. 03-00018 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **SECOND AMENDED ANSWER TO COMPLAINT AND CROSS-CLAIM** |
| RAYTHEON TECHNICAL SERVICES, GUAM, INC., SODEXHO MARRIOTT MANAGEMENT, INC. dba SODEXHO SERVICES, NANA SERVICES, LLC, MARIE KRAUSS, JOSEPH MAJKA, and DOES 1 THROUGH XX, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| NANA SERVICES, LLC, | ) ) ) | |
| Cross-Claimant, | ) ) | |
| v. | ) ) | |
| RAYTHEON TECHNICAL SERVICES, GUAM, INC. and SODEXHO MARRIOTT MANAGEMENT, INC. dba SODEXHO SERVICES, | ) ) ) ) ) | |
| Cross-Claim Defendants. | ) ) | |

*Clarissa F. Toves, et. al. v. Raytheon Technical Services Guam, Inc., et. al.*
District Court of Guam Civil Case No. 03-00018
Second Amended Answer to Complaint and Cross-claim
Page 2

Defendant NANA Services, LLC (Defendant NANA Services), answers the Complaint and Jury Demand [Title VII, the Civil Rights Act of 1964] (Complaint) of Plaintiffs Clarissa F. Toves (Plaintiff Toves), Christine D. Guzman (Plaintiff Guzman), and Brenda L. Hernandez (Plaintiff Hernandez) (collectively Plaintiffs) as follows:

## ANSWER

1.  Defendant NANA Services admits the allegations in paragraphs 1, 3, 4, and 6 of the Complaint.

2.  Defendant NANA Services denies the allegations in paragraphs 11 through 64, and 73 through 78 of the Complaint.

3.  Defendant NANA Services lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 5, 7, 8, 9, 10, and 65 through 72 of the Complaint, and on that basis, denies the same.

4.  As to the allegations in paragraph 2 of the Complaint, Defendant NANA Services admits that Plaintiffs are U.S. citizens who reside in Guam, and denies that Plaintiffs are employed by Defendant Raytheon Technical Services Guam, Inc. (Defendant Raytheon). Defendant NANA Services lacks knowledge or information sufficient to form a belief as to where Plaintiffs are from, and on that basis, denies the allegations regarding the same.

## AFFIRMATIVE DEFENSES

1.  Plaintiffs have failed to state claims upon which relief may be granted.

2.  Certain "Title VII" violations alleged by Plaintiff Toves are barred by the statute of

*Clarissa F. Toves, et. al. v. Raytheon Technical Services Guam, Inc., et. al.*
District Court of Guam Civil Case No. 03-00018
Second Amended Answer to Complaint and Cross-claim
Page 3

limitations. Specifically, Plaintiff Toves bases her "Title VII" claims on events occurring in October 2000, and February and April of 2001, however, Plaintiff Toves did not file her charge with the Equal Employment Opportunity Commission (EEOC) as to Defendant NANA Services until December of 2002. As such, Plaintiff Toves' charge was filed with the EEOC more than one hundred eighty (180) days after the acts complained of.

3. Plaintiffs' Complaint is barred by laches.

4. Plaintiffs allege illegal conduct that was not alleged in the charge filed with the EEOC, and the allegations reasonably could not be expected to flow from any investigation by the EEOC. Accordingly, Plaintiffs have failed to exhaust their administrative remedies under Title VII as required by 42 U.S.C. § 2000e-5(b) and (c).

5. Plaintiffs have also failed to exhaust their administrative remedies in regards to other causes of action asserted.

6. Plaintiffs lack standing.

7. Defendant NANA Services exercised reasonable care to promptly correct and prevent any conduct which might have been unlawful.

8. Plaintiffs unreasonably failed to avail themselves of the procedures and mechanisms offered by Defendant NANA Services to resolve their employment claims.

9. Plaintiffs' wages were based on legitimate factors.

10. Defendant NANA Services did not discriminate with malice or reckless indifference to Plaintiffs' rights, and therefore, Plaintiffs are not entitled to punitive damages.

*Clarissa F. Toves, et. al. v. Raytheon Technical Services Guam, Inc., et. al.*
District Court of Guam Civil Case No. 03-00018
Second Amended Answer to Complaint and Cross-claim
Page 4

11. Defendant NANA Services acted at all times relevant in good faith and without reason to believe that its conduct was in violation of law.

12. Plaintiff Toves is estopped from asserting her claims based on her voluntary resignation from employment with Defendants.

13. Plaintiff Toves has waived her claims based on her voluntary resignation from employment with Defendants.

14. Defendant NANA Services' actions were privileged.

15. Defendant NANA Services' actions were justified.

16. Defendant NANA Services is immune from some, or all, of plantiffs' claims.

17. Plaintiff Toves' claims are barred by the doctrines of truth, fair comment, opinion, lack of publication, and discharge of duty.

18. Plaintiffs seek damages in excess of that provided for by law.

19. Plaintiffs have failed to mitigate their damages.

20. Even if Plaintiffs prove a violation of Title VII, NANA Services would have taken the same action in the absence of the impermissible motivating factor.

21. Defendant NANA Services does not consent to a trial by jury of any claims to which Plaintiffs are not entitled to a trial by jury.

22. The imposition of exemplary or punitive damages would deprive Defendant NANA Services, LLC of its property without due process as guaranteed by the Constitution of the United States and by the Organic Act of the territory of Guam.

*Clarissa F. Toves, et. al. v. Raytheon Technical Services Guam, Inc., et. al.*
District Court of Guam Civil Case No. 03-00018
Second Amended Answer to Complaint and Cross-claim
Page 5

WHEREFORE, as to Plaintiffs' Complaint, Defendant NANA Services, LLC prays for judgment as follows:

1. That Plaintiffs take nothing from their Complaint;

2. For costs of suit; and

3. For such other relief as the Court deems proper.

## CROSS-CLAIMS

Defendant NANA Services, for its Cross-Claims against Defendants Raytheon and Sodexho Management, Inc. (Defendant Sodexho), alleges as follows:

### JURISDICTION and VENUE

1. Jurisdiction over this cross-claim is proper pursuant to 28 U.S.C. § 1367(a).

2. Venue in the District of Guam is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claim occurred in the District of Guam.

### ALLEGATIONS COMMON TO ALL COUNTS

3. Prior to July 26, 2002, Defendant Sodexho was a subcontractor with Defendant Raytheon, and pursuant to the subcontract (Subcontract I) managed and operated the Admiral Nimitz Golf Course, Rumors, and Top O' The Mar facilities for Defendant Raytheon.

4. Prior to July 26, 2002, Defendant NANA Services had no contractual, managerial, or other connection with the Admiral Nimitz Golf Course, Rumors, and Top O' The Mar facilities.

5. Prior to July 26, 2002, all relevant employees, supervisors, and managers were employed by either Defendant Raytheon or Defendant Sodexho.

*Clarissa F. Toves, et. al. v. Raytheon Technical Services Guam, Inc., et. al.*
District Court of Guam Civil Case No. 03-00018
Second Amended Answer to Complaint and Cross-claim
Page 6

6. Defendants Raytheon and Sodexho were responsible for all acts alleged in the Complaint to have occurred up to and including July 26, 2002.

7. On July 26, 2002, pursuant to an assignment and novation, Defendant NANA Services assumed the contractual responsibilities of and the contractual benefits due Defendant Sodexho under the Subcontract I.

8. On August 8, 2002, Defendant NANA Services and Defendant Sodexho entered into a second subcontract (Subcontract II) whereby Defendant Sodexho agreed to provide to Defendant NANA Services all professional and technical personnel, administrative/clerical support, facilities, equipment, materials and supplies necessary to operate the Admiral Nimitz Golf Course, Rumors, and Top O' The Mar facilities. Further, Defendant Sodexho was to provide management, supervision, labor and related resources necessary to perform all services under Subcontract II.

## COUNT ONE
## CROSS-CLAIM FOR IMPLIED CONTRACTUAL INDEMNITY AGAINST DEFENDANT SODEXHO

9. Pursuant to Subcontract II, Defendants Sodexho and NANA Services agreed that neither party would be liable for the other party's failure to fully comply with all applicable laws.

10. Accordingly, an implied contractual right of indemnity exists in favor of Defendant NANA Services in the event Defendant NANA Services is held liable for any violation of law on the part of Defendant Sodexho.

///

///

*Clarissa F. Toves, et. al. v. Raytheon Technical Services Guam, Inc., et. al.*
District Court of Guam Civil Case No. 03-00018
Second Amended Answer to Complaint and Cross-claim
Page 7

## COUNT TWO
## CROSS-CLAIM FOR EQUITABLE INDEMNITY
## AGAINST DEFENDANT SODEXHO

11. Based on the principles of equitable indemnity, an equitable right of indemnity exists in favor of Defendant NANA Services against Defendant Sodexho in the event Defendant NANA Services is held liable for any violation of law on the part of Defendant Sodexho.

## COUNT THREE
## CROSS-CLAIM FOR CONTRIBUTION
## AGAINST DEFENDANT SODEXHO

11. Plaintiffs' claims, if any, arise from the conduct of Defendant Sodexho, its agents and employees.

12. If liability is imposed against Defendant NANA Services, then NANA Services is entitled to contribution from Defendant Sodexho in an amount up to the value of any judgment which may be awarded to Plaintiffs.

## COUNT FOUR
## CROSS-CLAIM FOR EQUITABLE INDEMNITY
## AGAINST DEFENDANT RAYTHEON

13. Based on the principles of equitable indemnity, an equitable right of indemnity exists in favor of Defendant NANA Services against Defendant Raytheon in the event Defendant NANA Services is held liable for any violation of law on the part of Defendant Raytheon.

## COUNT FIVE
## CROSS-CLAIM FOR CONTRIBUTION
## AGAINST DEFENDANT RAYTHEON

14. Plaintiffs' claims, if any, arise from the conduct of Defendant Raytheon, its agents

*Clarissa F. Toves, et. al. v. Raytheon Technical Services Guam, Inc., et. al.*
District Court of Guam Civil Case No. 03-00018
Second Amended Answer to Complaint and Cross-claim
Page 8

and employees.

15. If liability is imposed against Defendant NANA Services, then NANA Services is entitled to contribution from Defendant Raytheon in an amount up to the value of any judgment which may be awarded to Plaintiffs.

**WHEREFORE**, as to its Cross-Claims against Defendants Sodexho and Raytheon, Defendant NANA Services prays for judgment as follows:

1. That Defendants Sodexho and Raytheon indemnify Defendant NANA Services for all damages which Defendant NANA Services shall become liable for;

2. For a judgment for contribution against Defendants Sodexho and Raytheon;

3. For costs of suit; and

4. For such other relief as the Court deems proper.

Dated this ___ day of October, 2003.

DOOLEY LANNEN ROBERTS & FOWLER LLP

By: _____
**JON A. VISOSKY**
Attorneys for Defendant NANA Services, LLC