MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys at Law
Suite 807, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-2089/2090
Facsimile: (671) 477-5206

Attorneys for Defendant/Crossclaim-Plaintiff
  Sodexho Management, Inc.

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF GUAM

| | |
|---|---|
| CLARISSA F. TOVES, CHRISTINE D. GUZMAN, and BRENDA L. HERNANDEZ,<br><br>Plaintiffs,<br><br>v.<br><br>RAYTHEON TECHNICAL SERVICES, GUAM, INC., SODEXHO MARRIOTT SERVICES, INC., NANA SERVICES, LLC, MARIE KRAUSS, JOSEPH MAJKA, and Does 1 through XX,<br><br>Defendants. | CIVIL CASE NO. 03-00018<br><br><br><br><br><br><br><br><br><br>**SODEXHO MANAGEMENT, INC.'S REPLY TO NANA SERVICES, LLC.'S CROSSCLAIM AND CROSSCLAIM AGAINST NANA SERVICES, LLC. AND RAYTHEON TECHNICAL SERVICES, GUAM, INC.** |
| SODEXHO MARRIOTT SERVICES, INC.,<br><br>Crossclaim-Plaintiff,<br><br>v.<br><br>NANA SERVICES, LLC. and RAYTHEON TECHNICAL SERVICES, GUAM, INC.<br><br>Crossclaim-Defendants. | |

//

**ORIGINAL**

COMES NOW Defendant Sodexho Management, Inc., a wholly-owned subsidiary of Sodexho, Inc., referred hereinafter as "Replying Defendant," and replies to Defendant NANA Services, LLC. (hereinafter "NANA")'s crossclaim as follows:

1. Replying Defendant admits the allegations contained in paragraphs 1 and 2 of NANA's crossclaim.

2. Replying Defendant denies the allegations contained in paragraphs 3, 5, 6, and 7 of NANA's crossclaim, generally and specifically.

3. Replying Defendant denies the allegations contained in paragraphs 9, 10, 11, and 12 of NANA's crossclaim on the ground, *inter alia*, that the said allegations constitute conclusion of law for resolution by the Court.

4. As to paragraph 4 of NANA's crossclaim, Replying Defendant is without sufficient knowledge to form a belief regarding these allegations and, therefore, it denies them, generally and specifically.

5. As to paragraph 8 of NANA's crossclaim, Replying Defendant admits that, pursuant to Section 11 of the Subcontract between Replying Defendant and NANA, attached hereto as Exhibit A, neither party shall be liable for the other party's failure to fully comply with all applicable laws, ordinances and regulations governing performance of the Prime Contract or Subcontract, unless Replying Defendant's failure is caused by contractual direction given by NANA.

6. Replying Defendant expressly denies each and every allegation of each and every paragraph of NANA's crossclaim which it has not expressly admitted.

2

7.  Replying Defendant further denies that NANA is entitled to any of the relief requested in the prayer for relief as to Replying Defendant, or any relief, even though it is not requested in such prayer.

**AFFIRMATIVE DEFENSES**

1.  NANA has failed to state a claim against Replying Defendant for which relief can granted.

2.  If judgment is entered against Replying Defendant, Replying Defendant is entitled to contribution from NANA pursuant to the Subcontract between Replying Defendant and NANA.

3.  If judgment is entered against Replying Defendant, Replying Defendant is entitled to complete indemnification by NANA pursuant to Subcontract between Replying Defendant and NANA. To the extent that NANA's claim sounds in negligence, it is barred or must be reduced by the doctrines of Comparable Negligence and Comparative Fault.

**CROSSCLAIM**

Independent of the foregoing Reply, Replying Defendant Sodexho Management, Inc., now styled as "Crossclaim-Plaintiff," makes and presents the following crossclaims against Defendant NANA Services, LLC. and Raytheon Technical Services, Guam, Inc., now collectively styled as "Crossclaim-Defendants," and respectfully represents to the Court as follows:

3

1. The Court has jurisdiction over this crossclaim pursuant to 28 U.S.C. §1367.

2. At all times relevant to this action, Crossclaim-Plaintiff was and is duly incorporated, licensed and authorized to conduct its business on Guam.

3. On information and belief and at all times relevant to this action, Crossclaim-Defendant NANA Services, LLC ("NANA") was and is duly incorporated, licensed and authorized to conduct its business on Guam.

4. On information and belief and at all times relevant to this action, Crossclaim-Defendant Raytheon Technical Services, Guam, Inc. ("Raytheon") was and is duly incorporated, licensed and authorized to conduct its business on Guam.

5. On or about May 22, 2000, Crossclaim-Plaintiff entered a contract ("Prime Contract") with Crossclaim-Defendant Raytheon to provide certain services in connection with certain contract between Raytheon and the Department of the Navy, Pacific Division, Naval Facilities Engineering Command.

6. On or about July 20, 2002, pursuant to an assignment and novation, Crossclaim-Defendant NANA assumed the contractual responsibilities of and the benefits due Crossclaim-Plaintiff under the Prime Contract.

7. After July 20, 2002, Crossclaim-Defendant NANA was the subcontractor with Crossclaim-Defendant Raytheon, and was responsible for all acts alleged in the Complaint to have occurred after and including July 20, 2002.

4

8. On or about July 26, 2002, Crossclaim-Plaintiff and Crossclaim-Defendant NANA entered into a subcontract ("Subcontract"). Pursuant to Paragraph 3 of Section 1 of the Subcontract, "Statement of Work," Crossclaim-Defendant NANA assumed the responsibility for the day-to-day management and control of its activities and employees under the Prime Contract while Crossclaim-Plaintiff had no authority to direct or supervise employees or agents of Crossclaim-Defendant NANA except for activities required under the Subcontract.

9. On or about June 3, 2003, Plaintiffs in the above-captioned cause initiated suit against various defendants, including but not limited to Crossclaim-Plaintiff and Crossclaim-Defendants NANA and Raytheon, alleging, *inter alia*, that discrimination based on race, color, and national origin on the part of all defendants was the proximate cause of the injuries and damages claimed therein.

10. As the direct and proximate result of Crossclaim-Defendants' misconduct, Crossclaim-Plaintiff is exposed to liability and are obligated to defend the above-captioned cause and might thereby become legally obligated to pay certain amounts to Plaintiffs herein as damages.

11. Crossclaim-Plaintiff denies that it is in any manner responsible for the injuries and damages claims by Plaintiffs herein. If, however, liability is imposed upon Crossclaim-Plaintiff as a result of the acts and omissions alleged in the Complaint, then any such liability is wholly derivative of the superceding acts and omissions of Crossclaim-Defendants who, in such case, are jointly and severally bound to equitably indemnify Crossclaim-Plaintiff.

## CONTRIBUTION
### (NANA AND RAYTHEON)

12. Crossclaim-Plaintiff hereby realleges and incorporates by this reference as if fully set forth herein the allegations contained in paragraphs 1 through 11 of this Crossclaim.

13. In the event that Crossclaim-Plaintiff is adjudged jointly and severally liable for tort injury in this cause, there exists a right of contribution between Crossclaim-Plaintiff and Crossclaim-Defendants NANA and Raytheon, pursuant to 7 G.C.A. § 24602; and Crossclaim-Plaintiff is entitled to recover from Crossclaim-Defendants NANA and Raytheon, that portion of the joint liability, if any, in excess of Crossclaim-Plaintiff's pro-rata percentage share of the entire liability.

## CONTRACTUAL INDEMNITY
### (NANA)

14. Crossclaim-Plaintiff hereby realleges and incorporates by this reference as if fully set forth herein the allegations raised in paragraphs 1 through 13 of this Crossclaim.

15. Pursuant to Section 11 of the Subcontract, neither Crossclaim-Plaintiff nor Crossclaim-Defendant NANA shall be liable for the other party's failure to fully comply with all applicable laws, ordinances and regulations governing performance of the Prime Contract or the Subcontract, unless Crossclaim-Plaintiff's failure is caused by contractual direction given by Crossclaim-Defendant NANA.

16. Pursuant to said Subcontract, Crossclaim-Defendant NANA is contractually obligated to indemnify Crossclaim-Plaintiff in accordance with and to the extent of any liability imposed upon Crossclaim-Plaintiff attributable to the misconduct of Crossclaim-Defendant

6

NANA, together with all reasonable costs of investigation and defense thereof, in an amount to be proven at trial.

### EQUITABLE INDEMNITY
### (NANA AND RAYTHEON)

17. Crossclaim-Plaintiff hereby realleges and incorporates by this reference as if fully set forth herein the allegations raised in paragraphs 1 through 16 of this Crossclaim.

18. Based on the principles of equitable indemnity, to the extent that damages are imposed against Crossclaim-Plaintiff, Crossclaim-Defendants NANA and Raytheon must equitably indemnify Crossclaim-Plaintiff, in an amount to be proven at trial.

**WHEREFORE**, Sodehxo, Defendant and Crossclaim-Plaintiff prays for judgment as follows:

1. That, in the event that Sodexho is adjudged liable on Plaintiff's Complaint, that this Court enter judgment in favor of Sodexho in its capacity as Counterclaim-Plaintiff, on their counterclaim against NANA and Raytheon;

2. That, in the event of a finding of joint and several liability as between Sodexho, NANA and Raytheon for the injuries sustained by Plaintiffs herein, that this Court award Sodexho contribution proportionate the relative fault of the parties;

3. That, in the event that Sodexho is adjudged liable, jointly and severally, with NANA, this Court enter judgment against NANA indemnifying Sodexho from all damages which may be awarded against such Sodexho or, in the alternative;

4. That Sodexho be awarded costs of the suit; and

7

5. For such other and further relief as the Court may deem just and proper, whether prayed for or not.

Dated this 10th day of October, 2003.

          **MAIR, MAIR, SPADE & THOMPSON**
          A Professional Corporation
          Attorneys for Defendants/Crossclaim-Plaintiff
           Sodexho Management, Inc.

          By_____
             **RANDALL TODD THOMPSON**

P038100.NJX

8