LAW OFFICES OF
HORECKY & ASSOCIATES
1st Floor, J. Perez Building
138 Seaton Boulevard
Hagåtña, Guam 96910
Telephone: (671) 472-8275/6
Facsimile: (671) 472-8403

Attorneys for Defendant
RAYTHEON TECHNICAL SERVICES, GUAM, INC.

# DISTRICT COURT OF GUAM

# TERRITORY OF GUAM

| | |
|---|---|
| CLARISSA F. TOVES, CHRISTINE D. GUZMAN, and BRENDA L. HERNANDEZ, <br><br> Plaintiffs, <br><br> vs. <br><br> RAYTHEON TECHNICAL SERVICES, GUAM, INC., SODEXHO MARRIOT SERVICES, INC., NANA SERVICES LLC., MARIE KRAUSS, JOSEPH MAJKA, and DOES I through XX, <br><br> Defendants. | CIVIL CASE NO. CV03-00018 <br><br><br><br><br> REPLY OF RAYTHEON TECHNICAL SERVICES, GUAM, INC. TO CROSS CLAIM OF SODEXHO MANAGEMENT INC. AND CROSS CLAIMS AGAINST SODEXHO MANAGEMENT, INC. AND NANA SERVICES, LLC. |
| RAYTHEON TECHNICAL SERVICES, GUAM, INC., <br><br> Cross Claimant, <br><br> vs. <br><br> SODEXHO MANAGEMENT, INC. and NANA SERVICES, LLC., <br><br> Cross Claim Defendants. | |

- 1 -

CLARISSA F. TOVES, CHRISTINE D. GUZMAN, and BRENDA L. HERNANDEZ v. RAYTHEON TECHNICAL SERVICES, GUAM , INC., SODEXHO MARRIOT SERVICES, INC., NANA SERVICES, LLC., MARIE KRAUSS, JOSEPH MAJKA, and DOES I through XX and RAYTHEON TECHNICAL SERVICES, GUAM, INC. v. SODEXHO MANAGEMENT, INC. and NANA SERVICES, LLC.
DISTRICT COURT OF GUAM CASE NO. CV03-00018
REPLY OF RAYTHEON TECHNICAL SERVICES, GUAM, INC. TO CROSS CLAIMS AGAINST SODEXHO MANAGEMENT, INC. AND NANA SERVICES, LLC.

COMES NOW Defendant Raytheon Technical Services, Guam, Inc. (hereinafter referred to as "Defendant") and replies to the cross claim of Defendant Sodexho Management, Inc. (hereinafter referred to as "Sodexho") as follows:

1. Defendant admits the allegations of paragraphs 1, 2, 3, 4, 5, 6, and 9.

2. As to the allegations of paragraph 7, Defendant admits that Nana Services was a subcontractor with Defendant; being without sufficient information or knowledge to form a belief concerning the allegation that Nana Services was responsible for all acts alleged in the Complaint to have occurred after and including July 20, 2002, Defendant denies the same.

3. As to the allegations of paragraph 8, Defendant admits that on or about July 26, 2002, Sodexho and Nana Services, LLC. entered into a sub-contract; being without sufficient information or knowledge to form a belief regarding the remaining allegations in paragraph 8, Defendant denies them generally and specifically.

4. Defendant denies the allegations of paragraphs 10, 11, 13 and 18.

5. With respect to the allegations of paragraph 12 of the cross claim, Defendant incorporates and re-alleges its answers to paragraphs 1 through 11 of the cross claim as though fully stated herein.

6. With respect to the allegations of paragraph 14 of the cross claim, Defendant incorporates and re-alleges its answers to paragraphs 1 through 13 of the cross claim as though fully stated herein.

7. With respect to the allegations of paragraphs 17 of the cross claim, Defendant incorporates and re-alleges its answers to paragraphs 1 through 16 of the cross claim as though fully stated herein.

8. With respect to the allegations of paragraphs 15 and 16 of the cross claim, Defendant is without sufficient information or knowledge to form a belief regarding the allegations therein and therefore denies them generally and specifically.

9. Except as expressly admitted herein, Defendant denies each and every allegation of Sodexho's cross claim against Defendant.

10. Defendant further denies that Sodexho is entitled to any of the relief requested in the prayer for relief as to Defendant.

## AFFIRMATIVE DEFENSES

1. Sodexho fails to state a cause of action against Defendant.

2. Sodexho fails to state a claim against Defendant upon which relief can be granted.

3. Pursuant to that certain NOVATION AGREEMENT entered into by Sodexho on or about July 20, 2002, Sodexho has waived each and every claim and cause of action alleged against Defendant in Sodexho's cross claim.

4. Sodexho's cross claims against Defendant are barred by waiver and/or estoppel and/or laches.

5. If judgment is entered against Defendant, Defendant is entitled to complete indemnification by Nana, LLC. pursuant to NOVATION AGREEMENT and the Sub-contract between Defendant and Nana Services, LLC.

6. If judgment is entered against Defendant, Defendant is entitled to contribution and indemnification from Sodexho.

7. Sodexho's cross claims against Defendant are barred by the doctrines of contributory and/or comparative negligence.

CLARISSA F. TOVES, CHRISTINE D. GUZMAN, and BRENDA L. HERNANDEZ v. RAYTHEON TECHNICAL SERVICES, GUAM , INC., NANA SERVICES, LLC., MARIE KRAUSS, JOSEPH MAJKA, and DOES I through XX and RAYTHEON TECHNICAL SERVICES, GUAM, INC. v. SODEXHO MANAGEMENT, INC. and NANA SERVICES, LLC.
DISTRICT COURT OF GUAM CASE NOS. CV03-00018
REPLY OF RAYTHEON TECHNICAL SERVICES, GUAM, INC. TO CROSS CLAIMS AGAINST SODEXHO MANAGEMENT, INC. AND NANA SERVICES, LLC.

## CROSS CLAIMS

COMES NOW Defendant Raytheon Technical Services, Guam, Inc. (hereinafter "Raytheon"), and for its Cross-claims against Defendant Sodexho Management, Inc. (hereinafter "Sodexho") and Defendant Nana Services, LLC. (hereinafter "Nana"), alleges as follows:

1. This Court has jurisdiction over the cross-claims of Defendant Raytheon pursuant to 28 U.S.C. §1367 (a).

2. At all times relevant to this action, Defendant Raytheon Technical Services, Guam, Inc. was and is duly incorporated, licensed and authorized to conduct business on Guam.

3. Upon information and belief and at all times relevant to this action, Defendant Sodexho Management, Inc. was and is duly incorporated, licensed and authorized to conduct business on Guam.

4. Upon information and belief and at all times relevant to this action, Defendant Nana Services LLC. was and is duly incorporated, licensed and authorized to conduct business on Guam.

5. On or about April 9, 2000, Defendant Raytheon assumed responsibility as the Base Operating Service Contractor on Guam for the United States Navy Guam Base Operating Support Services Program pursuant to the A-76 policy (the August 1983 Office of Management and Budget (OMB), Circular No. A-76, known as the A-76 Performance of Commercial Activities).

6. On or about May 22, 2000, Defendant Raytheon, as Contractor, and Defendant Sodexho, as subcontractor, entered into a written Subcontract Agreement whereby Defendant Sodexho would provide, *inter alia*, certain food services, and morale, welfare and recreation services as part of the U.S. Navy-Guam, Base Operating Services Program.

7. As a part of its duties under the Subcontract, Defendant Sodexho was responsible for management and operation of the Top O' the Mar Club, Club Rumors, and other facilities; Sodexho was

CLARISSA F. TOVES, CHRISTINE D. GUZMAN, and BRENDA L. HERNANDEZ v. RAYTHEON TECHNICAL SERVICES, GUAM , INC., NANA SERVICES, LLC., MARIE KRAUSS, JOSEPH MAJKA, and DOES I through XX and RAYTHEON TECHNICAL SERVICES, GUAM, INC. v. SODEXHO MANAGEMENT, INC. and NANA SERVICES, LLC.
DISTRICT COURT OF GUAM CASE NOS. CV03-00018
REPLY OF RAYTHEON TECHNICAL SERVICES, GUAM, INC. TO CROSS CLAIMS AGAINST SODEXHO MANAGEMENT, INC. AND NANA SERVICES, LLC.

further responsible for supervising the employees working at those facilities, for scheduling of employee work assignments, and for the planning and scheduling of activities and events occurring at such facilities.

8. From on or about April 9, 2000, through on or about July 26, 2002, Defendant Sodexho operated and managed the Top O' the Mar and other facilities, and supervised the employees working in those locations.

9. In the Subcontract, Defendant Sodexho agreed to indemnify Defendant Raytheon against any suit, action, expense, loss or damage whatsoever, together with reasonable attorneys fees, arising out of or in any way connected with Defendant Sodexho's performance of or failure to perform the subcontract, or that of Defendant Sodexho's agents, employees or Subcontractors.

10. Defendant Sodexho further agreed in the subcontract to provide insurance coverage for the entire period of contract performance protecting Raytheon from all claims arising from or as a result of Sodexho's performance under the subcontract, such coverage to include employer's liability and comprehensive general liability (including Operations, Owners and Contractors Protective, Contractual and Products - Completed Operations).

11. In the Subcontract, Defendant Sodexho agreed not to discriminate against any employee because of race, color, religion, sex, or national origin, and to comply with equal opportunity and affirmative action requirements.

12. On or about July 20, 2002, Defendants Raytheon, Sodexho, and Nana Services entered into a NOVATION AGREEMENT; thereunder Sodexho transferred all of its rights, obligations and liabilities under its subcontract with Raytheon to Defendant Nana Services. Defendant Nana Services assumed all rights, obligations, and liabilities of Sodexho thereunder. Defendant Nana Services assumed

CLARISSA F. TOVES, CHRISTINE D. GUZMAN, and BRENDA L. HERNANDEZ v. RAYTHEON TECHNICAL SERVICES, GUAM, INC., NANA SERVICES, LLC., MARIE KRAUSS, JOSEPH MAJKA, and DOES I through XX and RAYTHEON TECHNICAL SERVICES, GUAM, INC. v. SODEXHO MANAGEMENT, INC. and NANA SERVICES, LLC.
DISTRICT COURT OF GUAM CASE NOS. CV03-00018
REPLY OF RAYTHEON TECHNICAL SERVICES, GUAM, INC. TO CROSS CLAIMS AGAINST SODEXHO MANAGEMENT, INC. AND NANA SERVICES, LLC.

all claims against Sodexho under the subcontract as if Nana Services were the original party to the subcontract.

13. On or about July 26, 2002, Defendant Nana Services entered into a Subcontract Agreement with Defendant Raytheon whereby Defendant Nana Services assumed responsibility to manage and operate the Top O' the Mar club, Club Rumors and other facilities. would provide the same or similar services with regard to the Top O' the Mar that had previously been provided by Defendant Sodexho.

14. In the Subcontract, Defendant Nana agreed to indemnify Defendant Raytheon against any suit, action, expense, loss or damage whatsoever, together with reasonable attorneys fees, arising out of or in any way connected with Defendant Nana's performance of or failure to perform the subcontract, or that of Defendant Nana's agents, employees or Subcontractors.

15. Defendant Nana Services further agreed in the subcontract to provide insurance coverage for the entire period of contract performance protecting Raytheon from all claims arising from or as a result of Nana's performance under the subcontract, such coverage to include employer's liability and comprehensive general liability (including Operations, Owners and Contractors Protective, Contractual and Products - Completed Operations).

16. In the Subcontract, Defendant Nana Services agreed not to discriminate against any employee because of race, color, religion, sex, or national origin, and to comply with equal opportunity and affirmative action requirements.

17. On or about July 26, 2002, Defendants Nana Services and Sodexho entered into a subcontract whereby Defendant Nana Services assumed day to day management and control of the Top O' the Mar' and other activities and employees under its subcontract with Defendant Raytheon. Subsequent to July 26, 2002, no employees of Defendant Raytheon were working at the Top O' the Mar.

CLARISSA F. TOVES, CHRISTINE D. GUZMAN, and BRENDA L. HERNANDEZ v. RAYTHEON TECHNICAL SERVICES, GUAM, INC., NANA SERVICES, LLC., MARIE KRAUSS, JOSEPH MAJKA, and DOES I through XX and RAYTHEON TECHNICAL SERVICES, GUAM, INC. v. SODEXHO MANAGEMENT, INC. and NANA SERVICES, LLC.
DISTRICT COURT OF GUAM CASE NOS. CV03-00018
REPLY OF RAYTHEON TECHNICAL SERVICES, GUAM, INC. TO CROSS CLAIMS AGAINST SODEXHO MANAGEMENT, INC. AND NANA SERVICES, LLC.

18. On or about June 9, 2003, Plaintiffs in the above captioned cause filed suit against various defendants, including but not limited to Defendants Raytheon, Sodexho, and Nana Services. Plaintiffs allege that acts committed by defendants violated Title VII of the Civil Rights Act, the Equal Pay Act, and other rights of Plaintiffs' under law. Plaintiffs allege that defendants, including Defendant Raytheon, caused injuries to Plaintiffs and are liable for damages.

19. Defendant Raytheon denies that it is in any manner responsible for causing any of the injuries or damages claimed by Plaintiffs in their complaint, or committing any violations of law claimed by Plaintiffs. However, as the direct and proximate result of actions and alleged misconduct of Defendants Sodexho and Nana Services, Defendant Raytheon has been required to defend this action and possibly become obligated to pay certain amounts to Plaintiffs herein as damages.

20. At all times relevant alleged in Plaintiffs' complaint, Defendants Sodexho and Nana Services managed and operated of the Top O' the Mar facility and other facilities referenced in the Subcontracts. Said Defendants managed and supervised the employees at the Top O' the Mar, including Plaintiffs, and Plaintiffs' work schedules were established by Defendants. If the acts and violations of law alleged by Plaintiffs were committed, which Defendant Raytheon denies, such acts and violations of law were committed by Defendants Sodexho and Nana Services.

21. Plaintiffs' complaint herein alleges various acts and claims of discrimination that arise out of and are connected to performance by Defendants Sodexho and Nana of their duties under the subcontracts and their management and operation of the Top O' the Mar. The acts alleged by Plaintiffs were committed, if at all, by Defendants Sodexho and Nana, or their employees, or employees under their control and supervision, and not Defendant Raytheon. If defendants Sodexho and Nana Services committed the acts and violations alleged by Plaintiffs, such acts and violations constitute a breach of

CLARISSA F. TOVES, CHRISTINE D. GUZMAN, and BRENDA L. HERNANDEZ v. RAYTHEON TECHNICAL SERVICES, GUAM , INC., NANA SERVICES, LLC., MARIE KRAUSS, JOSEPH MAJKA, and DOES I through XX and RAYTHEON TECHNICAL SERVICES, GUAM, INC. v. SODEXHO MANAGEMENT, INC. and NANA SERVICES, LLC.
DISTRICT COURT OF GUAM CASE NOS. CV03-00018
REPLY OF RAYTHEON TECHNICAL SERVICES, GUAM, INC. TO CROSS CLAIMS AGAINST SODEXHO MANAGEMENT, INC. AND NANA SERVICES, LLC.

contract by Defendants Sodexho and Nana Services and a failure to perform their duties and obligations under their subcontracts with Defendant Raytheon.

22. In accordance with their Subcontracts, Defendants Sodexho and Nana Services are required to indemnify Defendant Raytheon against the claims of Plaintiffs' set forth in the complaint or any liability resulting therefrom, and to insure and protect Defendant Raytheon from any damages or liability resulting from Plaintiffs' claims.

## COUNT ONE
## CONTRACTUAL INDEMNITY
## (NANA SERVICES)

23. Defendant Raytheon re-alleges and incorporates herein as though fully set forth the allegations contained in paragraphs 1 through 22 of this Cross-Claim.

24. Pursuant to the Subcontracts between Defendant Raytheon and Defendant Sodexho, the subcontract between Defendants Raytheon and Defendant Nana Services, and the NOVATION AGREEMENT referenced above, Defendant Nana Services has a duty to indemnify Defendant Raytheon against any and all claims, damages, expenses, losses, or attorneys fees suffered or incurred by Defendant Raytheon as a result of Plaintiffs' lawsuit which in any matter arise out of or are in any way connected with Defendant Nana's or Defendant Sodexho's performance of or failure to perform the subcontracts, or to perform the services thereunder in accordance with non-discrimination requirements and other contractual requirements contained therein.

25. Pursuant to the Subcontracts, Defendant Nana Services has a duty to indemnify Defendant Raytheon against any and all claims, damages, expenses, losses, or attorneys fees suffered or incurred by Defendant Raytheon as a result of Plaintiffs' lawsuit, and to insure and protect Defendant Raytheon from any damages or liability resulting from Plaintiffs' claims.

CLARISSA F. TOVES, CHRISTINE D. GUZMAN, and BRENDA L. HERNANDEZ v. RAYTHEON TECHNICAL SERVICES, GUAM , INC., NANA SERVICES, LLC., MARIE KRAUSS, JOSEPH MAJKA, and DOES I through XX and RAYTHEON TECHNICAL SERVICES, GUAM, INC. v. SODEXHO MANAGEMENT, INC. and NANA SERVICES, LLC.
DISTRICT COURT OF GUAM CASE NOS. CV03-00018
REPLY OF RAYTHEON TECHNICAL SERVICES, GUAM, INC. TO CROSS CLAIMS AGAINST SODEXHO MANAGEMENT, INC. AND NANA SERVICES, LLC.

26. Accordingly, a contractual right of indemnity exists in favor of Defendant Raytheon against Defendant Nana Services for any expense, loss, or damage, together with costs of investigation, defense thereof, and reasonable attorneys fees, suffered or incurred by Defendant Raytheon as a result of Plaintiffs' lawsuit.

## COUNT TWO
## EQUITABLE INDEMNITY
## (NANA SERVICES AND SODEXHO)

27. Defendant Raytheon re-alleges and incorporates herein as though fully set forth the allegations contained in paragraphs 1 through 26 of this Cross-Claim.

28. Based on the principles of equitable indemnity, to the extent that damages are imposed upon Defendant Raytheon as a result of Plaintiffs' lawsuit, an equitable right of indemnity exists in favor of Defendant Raytheon against Defendants Sodexho and Nana Services indemnifying Defendant Raytheon against any expense, loss, or damage, together with costs of investigation, defense thereof, and reasonable attorneys fees, suffered or incurred by Defendant Raytheon as a result of Plaintiffs' lawsuit.

29. Defendants Nana Services and Sodexho must equitably indemnify Defendant Raytheon in an amount to be proven at trial.

## COUNT THREE
## CONTRIBUTION
## (NANA SERVICES AND SODEXHO)

30. Defendant Raytheon re-alleges and incorporates herein as though fully set forth the allegations contained in paragraphs 1 through 29 of this Cross-Claim.

31. Plaintiffs' claims, if any, arise from the conduct of Defendants Sodexho and Nana Services, their agents and employees.

32. If liability is imposed against Defendant Raytheon, then Defendant Raytheon is entitled to contribution from Defendants Sodexho and Nana Services pursuant to 7 GCA §24602 in an amount up to the value of any judgment which may be awarded to Plaintiffs.

WHEREFORE, as to its Cross-Claims against Defendants Sodexho and Nana Services, Defendant Raytheon Technical Services, Guam, Inc. prays for judgment as follows:

1. That Defendants Sodexho and Nana Services fully indemnify Defendant Raytheon for any and all expenses, losses, or damages, together with costs of investigation, defense thereof, and reasonable attorneys fees, that Defendant Raytheon has incurred or may incur as a result of Plaintiffs' lawsuit;

2. That, if Defendants Raytheon, Sodexho, and Nana Services are found to be jointly and severally liable for injuries sustained by Plaintiffs, that the Court award Raytheon contribution proportionate to the relative fault of the parties;

3. For attorneys fees;

4. For costs of suit; and

5. For such other relief as the Court deems proper.

Dated this 17th day of October, 2003.

LAW OFFICES OF
HORECKY & ASSOCIATES

By: *[signature]*
Frederick J. Horecky, Esq.
Attorneys for Defendant Raytheon Technical Services, Guam, Inc.