MAIR, MAIR, SPADE & THOMPSON
A Professional Corporation
Attorneys at Law
Suite 807, GCIC Building
414 West Soledad Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-2089/90
Facsimile: (671) 477-5206

Attorneys for Defendant Sodexho Management, Inc.

FILED
DISTRICT COURT OF GUAM
NOV 06 2003
MARY L. M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

CLARISSA F. TOVES, CHRISTINE D. GUZMAN, and BRENDA L. HERNANDEZ,

    Plaintiffs,

v.

RAYTHEON TECHNICAL SERVICES, GUAM, INC., SODEXHO MARRIOTT SERVICES, INC., NANA SERVICES, LLC, MARIE KRAUSS, JOSEPH MAJKA, and Does 1 through XX,

    Defendants.

CIVIL CASE NO. 03-00018

**SODEXHO MANAGEMENT INC.'S REPLY TO RAYTHEON TECHNICAL SERVICES, GUAM, INC.'S CROSSCLAIM**

COMES NOW Defendant Sodexho Management, Inc., a wholly-owned subsidiary of Sodexho, Inc., referred hereinafter as "Replying Defendant," and replies to Defendant Raytheon Technical Services, Guam, Inc. (hereinafter "Raytheon")'s Crossclaim as follows:

    1.    Replying Defendant admits the allegations contained in paragraphs 1, 3, 6, and 18 of Raytheon's crossclaim.

1

**ORIGINAL**

2.  Replying Defendant denies the allegations contained in paragraphs 19, 20, 21, 22, 28, 29, 31 and 32 of Raytheon's Crossclaim, generally and specifically.

3.  As to paragraphs 2, 4, 5, 13, 14, 15, 16, 24, 25 and 26 of Raytheon's Crossclaim, Replying Defendant is without sufficient knowledge to form a belief regarding these allegations and, therefore, it denies them, generally and specifically.

4.  As to paragraph 7 of Raytheon's Crossclaim, Replying Defendant responds that it admits that it entered into the agreement referred to in said paragraph, which such agreement speaks for itself. Replying Defendant denies the allegations contained in said paragraph because, *inter alia*, they state legal conclusions, not allegations of fact. Replying Defendant admits only that it did have some shared responsibility for management and operation of Top O' the Mar Club, Club Rumors, and other facilities, as set forth in said agreement. Replying Defendant further admits only that it was responsible for directly supervising its own employees working at those facilities and that it had some shared responsibility for supervision of employees of others and for planning and scheduling at such facilities. Replying Defendant denies any other allegations contained in this paragraph of the Crossclaim, and any other allegation inconsistent with the admissions contained herein.

5.  As to paragraph 8 of Raytheon's Crossclaim, Replying Defendant responds that it admits only that it was involved in the operation and management of the Top O' the Mar and certain other facilities consistent with certain agreements, which such agreements speak for themselves. Replying Defendant denies the remaining allegations contained in said paragraph because, *inter alia*, they state legal conclusions, not allegations of fact.

6.  As to paragraphs 9, 10, 12 and 17 of Raytheon's Crossclaim, Replying Defendant responds that it admits that it entered into the agreements referred to in said paragraphs, which such agreements speak for themselves. Replying Defendant denies the

2

allegations contained in said paragraphs because, *inter alia*, they state legal conclusions, not allegations of fact.

7. As to paragraph 11 of Raytheon's Crossclaim, Replying Defendant responds that it admits that it entered into the agreement referred to in said paragraph, which such agreement speaks for itself. Replying Defendant denies the allegations contained in said paragraph because, *inter alia*, they state legal conclusions, not allegations of fact. Replying Defendant admits only that in executing said agreement it agreed to comply with applicable federal law.

8. As to paragraphs 23, 27, and 30 of Raytheon's Crossclaim, Replying Defendant hereby reiterates and incorporates by this reference as if fully set forth herein their response to the paragraphs of the crossclaim respectfully as set forth herein.

9. Replying Defendant expressly denies each and every allegation of each and every paragraph of Raytheon's Crossclaim which it has not expressly admitted.

10. Replying Defendant further denies that Raytheon is entitled to any of the relief requested in the prayer for relief as to Replying Defendant, or any relief, even though it is not requested in such prayer.

## AFFIRMATIVE DEFENSES

1. Raytheon has failed to state a claim against Replying Defendant for which relief can be granted.

2. If judgment is entered against Replying Defendant, Replying Defendant is entitled to contribution from Raytheon pursuant to the Subcontract between Replying Defendant and Raytheon.

3. If judgment is entered against Replying Defendant, Replying Defendant is entitled to equitable indemnity by Raytheon pursuant to the Subcontract between Replying Defendant and Raytheon.

3

4. Raytheon's crossclaims against Replying Defendant are barred or must be reduced based on the doctrine of comparative negligence and comparative fault.

5. Raytheon's crossclaims against Replying Defendant are barred or must be reduced based on Raytheon's failure to mitigate its damages.

6. Raytheon's crossclaims against Replying Defendant are barred or must be reduced to the extent that the acts or omissions of one or more third-parties, not under the control of Replying Defendant, were partially or fully the proximate cause of any injuries or damages alleged by Raytheon.

7. Raytheon's crossclaims against Replying Defendant are barred by waiver and/or *estoppel* and/or *laches*.

8. Raytheon is not entitled to recover attorneys' fees as to Replying Defendant.

**WHEREFORE**, Replying Defendant prays for judgment as follows:

1. That this Court deny Raytheon's Crossclaim for damages;
2. That this Court deny Raytheon's claim for attorney fees;
3. That this Court award Replying Defendant cost of suit; and
4. For such other and further relief as the Court may deem just and proper, whether prayed for or not.

Dated this 6th day of November, 2003.

**MAIR, MAIR, SPADE & THOMPSON**
A Professional Corporation
Attorneys for Defendant
Sodexho Management, Inc.

By_____
RANDALL TODD THOMPSON

P033102.NJX

4